Argued and submitted in Pendleton May 5, reversed and remanded July 14, 1980

BRINKLEY,
*Respondent,*
*v.*
MOTOR VEHICLES DIVISION,
*Appellant.*

(No. 7545-L, CA 16264)

613 P2d 1071

W. Benny Won, Assistant Attorney General, Salem, argued the cause for appellant. With him on the briefs were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Wendell Gronso, Burns, argued the cause for respondent. With him on the brief was Stephen D. Finlayson, Burns.

Before Schwab, Chief Judge, and Warden and Warren, Judges.

SCHWAB, C. J.

**SCHWAB, C. J.**

Petitioner initiated this proceeding pursuant to ORS 482.560 for de novo circuit court review of defendant's suspension of his driver's license because of petitioner's refusal to submit to a Breathalyzer test. The circuit court granted petitioner's motion for summary judgment, ruling petitioner was not validly under arrest when he was asked to submit to the test. Defendant appeals. We find that there remained a material issue of fact, and therefore reverse and remand.

On April 5, 1978 a police officer of the City of Hines cited petitioner into municipal court for driving under the influence of intoxicants "in violation of * * * city ordinance in such case made and provided." It was subsequently discovered that the City of Hines had no valid ordinance in effect on that date prohibiting driving under the influence of intoxicants.

The Hines ordinance in effect when petitioner was arrested in 1978 had been adopted in 1941. It incorporated by reference the state definitions of traffic offenses that existed *in 1941* in Oregon Compiled Laws Annotated (OCLA). The 1941 Hines ordinance also purported to adopt all state statutory amendments to the definitions of traffic offenses "which * * * hereafter may be enacted." This attempt to adopt *future* amendments was an unconstitutional delegation of lawmaking power. *Seale et al v. McKennon,* 215 Or 562, 336 P2d 340 (1959); *Hillman v. North. Wasco PUD,* 213 Or 264, 323 P2d 664 (1958).

Moreover, the City of Hines cannot continue to enforce the 40-year-old state statute adopted by reference from OCLA because of the preemption policy expressed in ORS 487.015.[1]

[1] ORS 487.015 provides:

"The provisions of this chapter and ORS chapter 483 shall be applicable and uniform throughout this state and in all political subdivisions and municipalities therein and on the ocean shore which has been or may hereafter be declared a state recreation area, and no local authority may enact or enforce any rule or regulation in conflict with the provisions of this chapter and ORS chapter 483 except as specifically authorized in this chapter and ORS chapter 483."

The question thus becomes: What is the effect of the invalidity of the Hines ordinance for purposes of this proceeding?

A person's "implied consent" to a Breathalyzer test applies "if the person is arrested for driving a motor vehicle while under the influence of intoxicants in violation of ORS 487.540 or of a municipal ordinance." ORS 487.805(1). The reference to having been arrested for "violation of ORS 487.540 or of a municipal ordinance" is repeated in ORS 487.805(2), 487.805(3)(a) and 482.550(2)(a). The same concept is expressed more generally in ORS 487.810 ("arrested for driving a motor vehicle upon the highways of this state while under the influence of intoxicants"). The same concept is also expressed in ORS 487.820 ("a violation of ORS 487.540 or a similar municipal ordinance").

The Division argues we should construe these statutes to mean that what a driver is actually arrested for is irrelevant; that the sole question should be whether there was probable cause to arrest for violation of the state statute; and that this record establishes there was probable cause to arrest for violation of the state statute, even if the officer actually arrested for violation of the Hines ordinance. In different contexts there is support for considering what an officer could have done, not what he did do. *See, State v. Cloman,* 254 Or 1, 456 P2d 67 (1969).

In this context, however, attractive though the defendant's position may be, we find the statutes provide to the contrary. ORS 482.550(2) defines the issues in this type of proceeding. It provides in part:

> "(a) Whether the person at the time he was requested to submit to a test was under arrest for driving a motor vehicle while under the influence of intoxicants in violation of ORS 487.540 or of a municipal ordinance;
>
> "(b) Whether the police officer had reasonable grounds to believe, at the time the request was made, that the person refusing to submit to the test had

been driving under the influence of intoxicants in violation of ORS 487.540 or of a municipal ordinance;".

ORS 482.550(2)(b) is a probable cause test; so if probable cause were the only test, ORS 482.550(2)(a) would be meaningless.

Furthermore, the defendant's position could produce the result that a person arrested for any offense, whether traffic or other than traffic, would be subject to the Implied Consent Law if the officer had probable cause to believe the arrestee was driving while intoxicated. There are simply too many references in the statutes to arrest for "violation of ORS 487.540 or of a municipal ordinance" for us to conclude that was intended.

We do conclude that *if* petitioner was arrested for violation of the Hines ordinance, there was no valid arrest because there was no valid ordinance, and there was therefore no valid request for petitioner to submit to the Breathalyzer test.

Petitioner argues that he conclusively established, for summary judgment purposes, that he was *arrested* for violating the Hines ordinance because he was *charged* with violating the Hines ordinance. What a person is arrested for and charged with are not necessarily synonymous; it is not uncommon for an arrest on one charge to ultimately produce a prosecution on a different charge. While what petitioner was charged with would certainly support an inference about what he was arrested for, it is not conclusive.

Defendant submitted an affidavit from the arresting officer in opposition to petitioner's motion for summary judgment. It stated in part that the "authority for [petitioner's] arrest" was "state law ORS 487.540." We are not sure what "authority for" means, but, in any event, there remains a material issue of fact about whether petitioner was arrested for violating ORS 487.540 or the Hines ordinance.

Reversed and remanded.