Argued and submitted September 16, 1986, appeal dismissed February 11, 1987

# CITY OF SALEM,
*Respondent,*

*v.*

# JUNGBLUT,
*Appellant.*

(151,391; CA A39094)

732 P2d 919

Robert J. Thorbeck, Salem, argued the cause and filed the brief for appellant.

Deborah J. Dealy-Browning, Assistant City Attorney, Salem, argued the cause for respondent. With her on the brief was William J. Juza, City Attorney, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

**BUTTLER, P. J.**

Defendant was convicted in municipal court under a city ordinance prohibiting DUII. He appealed his conviction to the circuit court, where he was convicted after a trial *de novo*. On appeal to this court, he contends that the trial court erred in failing to hold that an amendment of the state statute prohibiting DUII rendered Salem's DUII ordinance, which incorporated the state statute before its amendment, invalid. Because defendant does not present any constitutional issue, we dismiss the appeal.

On June 14, 1982, the Salem City Council enacted Salem Revised Code (SRC) 100.330, which adopted by reference several state statutes prohibiting DUII and other vehicle-related crimes. One of those statutes was *former* ORS 487.540, which prohibited driving with a blood alcohol content (BAC) of .10 percent or higher. On October 15, 1983, the legislature repealed ORS 487.540 and immediately reenacted the same law with a prohibition against driving with a BAC of .08 percent or higher. On January 20, 1984, defendant was arrested and cited for DUII in violation of SRC 100.330. His BAC was .20 percent. On July 10, 1984, SRC 100.330 was amended to conform to the .08 percent limit of amended ORS 487.540.

Defendant was convicted in Salem Municipal Court under the ordinance. He appealed to the circuit court and moved to dismiss the charge, contending that SRC 100.330 is invalid. The motion was denied, and defendant was convicted again.

On appeal, defendant makes two arguments: (1) the legislature's amendment of ORS 487.540 rendered SRC 100.330 invalid, because the ordinance no longer incorporated existing state law; and (2) the ordinance violates *former* ORS 487.015, because it creates a lack of uniformity and is inconsistent with state law. Because defendant was convicted in municipal court and received a trial *de novo* in circuit court, his appeal here is limited to issues concerning the constitutionality of an ordinance or charter provision. *City of Salem v. Bruner*, 299 Or 262, 265, 702 P2d 70 (1985).

A city may adopt an ordinance that incorporates a state statute, provided that the ordinance is within the city's

legislative authority. When an ordinance incorporates by reference a statute, that statute is incorporated in the form in which it exists at the time of the enactment of the ordinance. *Seale et al v. McKennon,* 215 Or 562, 336 P2d 340 (1959). However, if a city adopts by reference a statute, together with any future amendments thereto, there is an unlawful delegation of legislative authority, rendering the ordinance unconstitutional. *Brinkley v. Motor Vehicles Division,* 47 Or App 25, 613 P2d 1071 (1980). Here, the ordinance did not attempt to adopt future amendments to the statute; accordingly, there is no constitutional question presented.

In his second argument, defendant does not contend that the ordinance is unconstitutional. Rather, his contentions regarding the conflict between the city ordinance and the state statute relate to the preemption statute, ORS 487.015,[1] not to the constitutionality of the ordinance. Accordingly, that issue is not properly before us.[2]

Appeal dismissed.

---

[1] When defendant was arrested, SRC 100.330 prohibited driving with a BAC of .10 percent or higher. At the same time, ORS 487.540 prohibited driving with a BAC of .08 percent or higher. At all times relevant to this case, *former* ORS 487.015 provided:

"The provisions of this chapter and ORS chapter 483 shall be applicable and uniform throughout the state and in all political subdivisions and municipalities therein and on the ocean shore which has been or may hereafter be declared a state recreation area, and no local authority may enact or enforce any rule or regulation in conflict with the provisions of this chapter and ORS chapter 483 except as specifically authorized in this chapter and ORS chapter 483."

[2] A similar argument could have been made on the basis of Article XI, section 2, of the Oregon Constitution. *See City of Portland v. Dollarhide,* 300 Or 490, 501-02, 714 P2d 220 (1986). However, defendant has not made such an argument, either here or below, and we do not consider it.