# In the Matter of the Refusal to
# Submit to a Breath Test by:
# ROBIN LYNN LEABO,
*Respondent,*

*v.*

# STATE OF OREGON,
*Appellant.*

## (No. 107210, CA 15394)

620 P2d 317

Karen H. Green, Assistant Attorney General, Salem, argued the cause for appellant. With her on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

David Foster, Salem, argued the cause for respondent. On the brief was Douglas G. Ward, Salem.

Before Gillette, Presiding Judge, and Roberts and Campbell, Judges.

ROBERTS, J.

**ROBERTS, J.**

Petitioner's motor vehicle operator's license was suspended pursuant to ORS 482.540 because of her refusal to submit to a breathalyzer test following her arrest for driving while under the influence of intoxicants. The state appeals from the quashing of its suspension order following defendant's successful circuit court appeal pursuant to ORS 482.560.[1]

In petitioner's original petition to the circuit court she alleged in pertinent part:

"I

"On or about July 6, 1978, respondent ordered the petitioner's driver's license suspended for her failure to comply with the provisions of ORS 482.550(2).

"II

"Said order for the suspension of petitioner's driver's license is in error and petitioner is aggrieved as follows:

"(1) The action taken by the police officer who arrested petitioner was erroneous in that he had no reasonable grounds to believe petitioner had been operating her vehicle under the influence of intoxicating liquor at the time the arrest was made;

"* * * * *"

The petition was subsequently amended by the addition of the following allegation:

---

[1] ORS 482.560 provides:

"(1) If, after a hearing as provided by ORS 482.540 and 482.550, an order of suspension is issued, the person shall have the right, within 30 days after he receives notice of the order of suspension, to appeal the matter by filing a petition in the circuit court for the county where he resides. The court upon receipt of the petition shall set the matter for trial upon 10 days' notice to the division and to the appellant. The trial in the circuit court shall be de novo and the appellant shall have the right to a jury as provided in criminal actions.

"(2) No order of suspension issued in accordance with subsection (1) of ORS 482.550 shall take effect until the time to appeal has expired. If an appeal is filed, the order of suspension shall take effect when affirmed on appeal or when the appeal is dismissed."

"The enforcement of said order for the suspension of petitioner's driver's license is unreasonable, unlawful, and in error for the following reasons:

"(1) The petitioner was not operating a motor vehicle upon the highways of this state when arrested for driving a motor vehicle while under the influence of intoxicants."

The state objected to and made an oral motion to strike the amendment on the ground that whether petitioner was in fact driving a motor vehicle when she was arrested was irrelevant to the proceeding. The circuit court allowed the amendment.

Petitioner stipulated that she had been placed under arrest at the time she was asked to submit to the breathalyzer test, that the arresting officer had reasonable grounds to believe she was under the influence of intoxicants when she was placed under arrest, and that she was informed of her rights and of the consequences of her refusal to submit to the test. The only question presented to the jury was whether petitioner was actually driving a motor vehicle at the time of her arrest. The jury was instructed that petitioner had the burden of proving by a preponderance of the evidence that she was not driving the motor vehicle at the time of the stop in order to avoid the suspension of her license.

Petitioner, along with two hitchhikers who were in the car at the time of the arrest, testified that someone else had been driving and that she and the driver had quickly changed places at the driver's instigation. Petitioner further testified that she told the arresting officer that she had not been driving. The two officers who had been at the scene testified that they had seen no unusual movement as they approached the automobile, that petitioner was seated in the driver's seat, and that she had not said anything about whether she was the driver. The jury returned a verdict in favor of petitioner and the order suspending petitioner's license was quashed.

The state argues that the trial court erred in allowing petitioner to amend her complaint[2] and in submitting this issue to the jury. We agree.

ORS 482.550(2) limits the scope of a suspension hearing as follows:

"(2) The scope of the hearing shall be limited to:

"(a) Whether the person at the time he was requested to submit to a test was under arrest for driving a motor vehicle while under the influence of intoxicants in violation of ORS 487.540 or of a municipal ordinance;

"(b) Whether the police officer had *reasonable grounds to believe,* at the time the request was made, *that the person refusing to submit to the test had been driving under the influence of intoxicants* in violation of ORS 487.540 or of a municipal ordinance;

"(c) Whether the person refused to submit to a test;

"(d) Whether such person was informed of the consequences, under ORS 482.540 to 482.560, of his refusal to submit to the test; and

"(e) Whether such person was informed of his rights as provided in ORS 487.810." (Emphasis supplied.)

De novo review by the circuit court is on these same questions. *Ames v. Motor Vehicles Division,* 16 Or App 288, 517 P2d 1216 (1974). Whether petitioner was actually driving the vehicle while under the influence is not one of the statutory questions for review. The proper question is whether the officer had *reasonable grounds* to believe that she was. *Thorp v. Dept. of Motor Vehicles,* 4 Or App 552, 480 P2d 716 (1971). Therefore, petitioner could only overturn her suspension if she could show that the officers did not have reasonable grounds to believe she was driving.

The case is reversed and remanded for a new trial at which the proper issue for the jury will be whether

___

[2] The state also contends the trial court erred in not directing a verdict for the state. The exception was not preserved below, and so we do not reach it on appeal.

[59]

the arresting officers had reasonable grounds to believe that petitioner was driving the vehicle at the time of her arrest.[3]

Reversed and remanded.

---

[3] Petitioner, in an appeal from her license suspension, has the burden of proof. *Heer v. Dept. of Motor Vehicles,* 252 Or 455, 450 P2d 533 (1969).