Submitted on record and appellant's brief November 3, 1980,
reversed and remanded January 5, 1981

## In the Matter of the Refusal to Submit to a Breath Test By:

### WARD,
*Respondent,*

*v.*

### MOTOR VEHICLES DIVISION,
*Appellant.*

(No. A7906-03120L, CA 17907)

621 P2d 674

James M. Brown, Attorney General, John R. McCulloch, Jr., Solicitor General, William Gary, Deputy Solicitor General, and Jan P. Londahl, Assistant Attorney General, Salem, filed the brief for appellant.

No appearance for respondent.

Before Richardson, Presiding Judge, and Thornton and Buttler, Judges.

RICHARDSON, P.J.

Buttler, J., dissenting opinion.

## RICHARDSON, P.J.

Petitioner's driver's license was suspended pursuant to ORS 482.540[1] because of his alleged refusal to submit to a breathalyzer test following his arrest for driving under the influence of intoxicants (DUII). Respondent appeals the trial court's decision quashing the suspension order.[2] The sole issue is whether in a proceeding under ORS 482.550, it was relevant that petitioner was not *in fact* driving a motor vehicle at the time of his arrest.

In his petition for review, petitioner contested all the statutory prerequisites to suspension required in ORS 482.550. During the trial before the court, petitioner testified and called one witness on his behalf. Respondent called the arresting officer. Respondent also introduced into evidence the arresting officer's sworn report prepared pursuant to ORS 487.805(3).[3]

---

[1] ORS 482.540, in part, provides:

"(1) Upon receipt of the report of a police officer as required in subsection (2) or ORS 487.805, and in accordance with subsection (2) of this section and subsection (1) of ORS 482.550, the division shall suspend the reported person's license, permit or privilege to drive a motor vehicle in this state for a period of 120 days.

"* * * * *"

[2] Petitioner appealed the suspension order to the circuit court pursuant to ORS 482.560. ORS 482.560 provides:

"(1) If, after a hearing as provided by ORS 482.540 and 482.550, an order of suspension is issued, the person shall have the right, within 30 days after he receives notice of the order of suspension, to appeal the matter by filing a petition in the circuit court for the county where he resides. The court upon receipt of the petition shall set the matter for trial upon 10 days' notice to the division and to the appellant. The trial in the circuit court shall be de novo and the appellant shall have the right to a jury as provided in criminal actions.

"(2) No order of suspension issued in accordance with subsection (1) of ORS 482.550 shall take effect until the time to appeal has expired. If an appeal is filed, the order of suspension shall take effect when affirmed on appeal or when the appeal is dismissed."

[3] ORS 487.805(3) provides:

"If a person refuses a chemical test under subsection (2) of this section, the police officer shall prepare a sworn report of the refusal and cause it to be delivered to the division. The report shall disclose:

"(a) Whether the person, at the time the person was requested to submit to a test, was under arrest for driving a motor vehicle while under the influence of intoxicants in violation of ORS 487.540 or of a municipal ordinance;

At the request of both parties, the trial court rendered specific findings of fact as follows:

"(1) The police officer who requested that petitioner submit to a breath test had reasonable grounds to believe petitioner was driving a motor vehicle immediately prior to his arrest for driving under the influence of intoxicants in violation of ORS 487.540;

"(2) The police officer also had reasonable grounds to believe petitioner was under the influence of intoxicants at the time of his arrest;

"(3) The petitioner did not in fact drive a motor vehicle prior to his arrest for driving under the influence of intoxicants in violation of ORS 487.540;

"(4) Petitioner was informed of the consequences of refusing to take the breath test, within the meaning of ORS 482.540(1); 482.550(1) and 487.560(1); and

"(5) Petitioner was informed of his right to obtain an independent chemical test to determine the alcohol content of his blood as provided by ORS 487.810."

Based on the above findings, the trial court held that respondent was not entitled to suspend petitioner's driving privileges because "petitioner had not driven a motor vehicle on the evening of his arrest for driving under the influence of intoxicants." The court, therefore, quashed the suspension order.

■■ ORS 482.550(2) sets forth the issues to be considered in this license suspension hearing:

"(2) The scope of the hearing *shall* be limited to:

"(a) Whether the person at the time he was requested to submit to a test was under arrest for driving a motor vehicle while under the influence of intoxicants in violation of ORS 487.540 or of a municipal ordinance;

"(b) Whether the police officer had *reasonable grounds to believe,* at the time the request was made, *that*

---

"(b) Whether the police officer had reasonable grounds to believe, at the time the request was made, that the person refusing to submit to the test had been driving under the influence of intoxicants in violation of ORS 487.540 or of a municipal ordinance;

"(c) Whether the person refused to submit to a test;

"(d) Whether such person was informed of the consequences, under ORS 482.540 to 482.560 and this section, of a refusal to submit to the test; and

"(e) Whether the person was informed of the person's rights under ORS 487.810."

*the person refusing to submit to the test had been driving under the influence of intoxicants* in violation of ORS 487.540 or of a municipal ordinance;

"(c) Whether the person refused to submit to a test;

"(d) Whether such person was informed of the consequences, under ORS 482.540 to 482.560, of his refusal to submit to the test; and

"(e) Whether such person was informed of his rights as provided in ORS 487.810." (Emphasis supplied.)

De novo review by the circuit court is limited to the same questions. *Ames v. Motor Vehicles Division,* 16 Or App 288, 517 P2d 1216 (1974). Whether petitioner was in fact *actually driving* the vehicle while under the influence of intoxicants was irrelevant. That determination is not one of the statutory questions for the circuit court's review. The relevant question was whether the arresting officer had *reasonable grounds to believe* petitioner had been driving under the influence of intoxicants. *Leabo v. SER/Motor Vehicles Division,* 46 Or App 55, 610 P2d 317, *rev den* 289 Or 337 (1980); *cf. Andros v. Dept. of Motor Vehicles,* 5 Or App 418, 425, 485 P2d 635 (1971); *Thorp v. Dept. of Motor Vehicles,* 4 Or App 552, 558, 480 P2d 716 (1971). The trial court, therefore, erred in quashing the suspension order.

■ Respondent submits that the trial court specifically found adversely to petitioner on all of the statutory prerequisites to suspension provided in ORS 482.550(2) and suggests that we reverse the trial court's determination and reinstate the suspension order. As the court's findings indicate, however, the court did not render a finding as to all the statutory issues. There is no finding on the issue of whether petitioner refused to submit to the breathalyzer test. ORS 482.550(2)(c). Under ORS 482.560, petitioner was entitled to a determination of that issue. We, therefore, reverse the trial court's order and remand the case for that determination based on the evidence presented at trial.

Reversed and remanded.

**BUTTLER, J.,** dissenting.

Because I agree with the trial court's holding that a person who is not operating a motor vehicle is not obliged to submit to a breath test, even though the arresting officer

has reasonable grounds to believe that the person is intoxicated, I would affirm the trial court's judgment, and therefore dissent.

The majority overlooks the predicate upon which a breath test may be demanded of one whom the police reasonably suspect is under the influence of intoxicants: that is, that the person be operating the motor vehicle, by virtue of which the person has impliedly consented to a chemical test of his or her breath for the purpose of determining the alcoholic content of his or her blood. ORS 487.805(1) provides:

"(1)  Any person *who operates* a motor vehicle upon the highways of this state shall be deemed to have given consent, subject to ORS 487.805 to 487.835, to a chemical test of the person's breath for the purpose of determining the alcoholic content of the person's blood if the person is arrested for driving a motor vehicle while under the influence of intoxicants in violation of ORS 487.540 or of a municipal ordinance. A test shall be administered upon the request of a police officer having reasonable grounds to believe the person arrested to have been driving while under the influence of intoxicants in violation of ORS 487.540 or of a municipal ordinance." (Emphasis supplied.)

As I read the statute, it is clear that only the person who is operating the motor vehicle is deemed to have consented to the chemical test of his breath; therefore, one who is not operating a motor vehicle is not deemed to have given his consent to such a test, and may not be compelled to submit to it. Given that basic premise, the last sentence of ORS 487.805(1), which states: "* * * A test shall be administered upon the request of a police officer having reasonable grounds to believe the person arrested to have been driving while under the influence of intoxicants in violation of ORS 487.540 or of a municipal ordinance," must be read to mean that if the police officer has reasonable grounds to believe that the person who is operating the motor vehicle was doing so while under the influence of intoxicants, the officer may administer the test. If that is not the case, then the first sentence would have to mean that any person whom a police officer reasonably believes to be operating a motor vehicle upon the highways of this

state shall be deemed to have given consent, etc. Clearly this is not what the law says or means.

The majority, by construing substantially identical language in ORS 482.550(2)(b) to mean that it is sufficient that the police officer have reasonable grounds to believe that the person refusing to submit to the test had been driving, emphasizes the wrong portion of the statutory language. I think the language "* * * under the influence of intoxicants in violation of ORS 487.540 or of a municipal ordinance" is the significant language. In other words, the person must have been operating the motor vehicle, and the police officer have reasonable grounds to believe that the person was doing so under the influence of intoxicants.

Concededly the majority opinion is supported clearly by *Leabo v. SER/Motor Vehicles Division,* 46 Or App 55, 610 P2d 317 *rev den* 289 Or 337 (1980). *Leabo,* however, suffers from the same oversight: we failed to acknowledge the basic premise for the state's right to demand a person's submission to a breath test, namely, that the person be operating a motor vehicle upon the highways of this state. Therefore, we should not adhere to it.

I would affirm the trial court's judgment, and therefore respectfully dissent.