Argued and submitted September 30, affirmed December 2, 1987, reconsideration denied January 29, petition for review allowed February 23, 1988 (305 Or 273)

In the Matter of the Suspension of
the Driving Privileges of

POOLER,
*Respondent,*

*v.*

MOTOR VEHICLES DIVISION,
*Appellant.*

(85-547-CV; CA A41560)

746 P2d 716

Timothy A. Sylwester, Assistant Attorney General, argued the cause for appellant. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Mike Ratliff and Park & Ratliff, Klamath Falls, filed the brief for respondent.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

YOUNG, J.

## YOUNG, J.

Motor Vehicles Division (MVD) appeals from an order that reversed an order suspending respondent's driving privileges. We affirm.

On June 29, 1985, at approximately 2:40 a.m., respondent approached a DUII roadblock checkpoint and made a legal U-turn before reaching it. Officer Hawkins was assigned to stop vehicles that appeared to be avoiding the roadblock. Hawkins stopped respondent, noticed an odor of alcohol and asked him to perform field sobriety tests. Respondent was arrested after he took a breath test which disclosed a blood alcohol content of 0.15 percent. MVD notified him that they would suspend his driving privileges. After an administrative hearing, the hearings officer upheld the suspension, and respondent appealed. The court reversed the order on the ground that there was not a valid stop and, apparently, that the exclusionary rule applied and barred all evidence admitted as a result of the illegal stop.

■ We first consider whether a valid arrest is required before a breath test can be lawfully administered. *Former* ORS 487.805(1)[1] provided that, before the test could be given, the person tested must, among other things, be "arrested for driving a motor vehicle while under the influence of intoxicants in violation of ORS 487.540 or of a municipal ordinance." *Former* ORS 482.541[2] governed the administrative hearing and appeal process for suspension of driving privileges on the basis of the implied consent law. The scope of the hearing was limited to certain specific issues, including

"[whether t]he person, at the time the person was requested to submit to a test under ORS 487.805, *was under arrest for driving while under the influence of intoxicants* in violation of ORS 487.540 or a municipal ordinance." *Former* ORS 482.541(4)(a). (Emphasis supplied.)

The question boils down to whether, as used in these two statutes, "arrest" means a *valid* arrest. That is a question of first impression. *See State v. Ratliff,* 304 Or 254, 256 n 2, 744 P2d 247 (1987).

---

[1] Now ORS 813.100.

[2] Now ORS 813.410(4).

The state argues that "arrest," as used in *former* ORS 482.541(4)(a), means any arrest, valid or not. Under that rationale, the police would be free to stop drivers at random, without probable cause, administer breath tests and thereby initiate the license suspension process. The consequences of such an interpretation are alarming, and we reject it. *See Nelson v. Lane County, infra* n 5. The state also argues that requiring an arrest to be valid will unduly complicate the administrative hearing process by adding an unduly complex issue. Even if true,[3] that argument is no basis for construing the statute differently.[4]

We conclude that, when the legislature used the term "arrest" in *former* ORS 482.541 and *former* 487.805, it meant a valid arrest. Accordingly, the police may not administer a breath test, and MVD may not suspend driving privileges based on a breath test result, unless the driver is first validly arrested. This result is supported by *Brinkley v. Motor Vehicles Division,* 47 Or App 25, 29, 613 P2d 1071 (1980), where the petitioner argued that the city's DUII ordinance was unconstitutional. We agreed that the ordinance was unconstitutional and held:

> "We do conclude that *if* petitioner was arrested for violation of the Hines ordinance, there was no valid arrest because there was no valid ordinance, and there was therefore no valid request for petitioner to submit to the Breathalyzer test." (Emphasis in original.)

*See also Heer v. Dept. of Motor Vehicles,* 252 Or 455, 463-64, 450 P2d 533 (1969).

■    The dispositive issue is whether the stop and arrest of respondent were valid. A police officer may stop a person whom he reasonably suspects has committed a crime or for a traffic violation. ORS 131.615; *former* ORS 484.353(2)(b). Respondent made a legal U-turn. Hawkins followed him with

---

[3] Whether or not, as the state suggests, hearings officers will have to learn the entire jurisprudence of the Fourth Amendment, (or Article I, § 9), we do not believe that that decision will be any more difficult than the other decisions that hearings officers must make. *See* ORS 813.410(4).

[4] The state argues that we should not extend the exclusionary rule to administrative suspension hearings. The issue under *former* 482.541(4)(a) is whether the driver was validly arrested for violating the DUII laws. The exclusionary rule is not involved.

his car's overhead lights flashing, and respondent was slow to stop in response. We agree with the circuit court that that does not constitute a reasonable suspicion that respondent had committed a crime or a traffic violation. The stop and subsequent arrest were not valid.

Affirmed.[5]

---

[5] The validity of a roadblock under *Nelson v. Lane County,* 304 Or 97, 743 P2d 692 (1987), is not involved in this case.