Argued and submitted January 5, 1987, resubmitted In Banc August 10, affirmed October 12, 1988, reconsideration denied January 13, petition for review allowed February 14, 1989 (307 Or 405)
See later issue Oregon Reports

In the Matter of the Suspension of
the Driving Privileges of
Keith David Hilton, Petitioner.

HILTON,
*Respondent,*

*v.*

MOTOR VEHICLES DIVISION,
*Appellant.*

(45182; CA A38100)

762 P2d 1030

Robert M. Atkinson, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Kathryn A. Wood, Corvallis, argued the cause and filed the brief for respondent.

NEWMAN, J.

Buttler, J., specially concurring.

Richardson, J., dissenting.

## NEWMAN, J.

The Motor Vehicles Division (MVD) appeals a judgment of the circuit court which set aside its order that suspended respondent's driver's license on the ground that he had failed a breath test. *Former* ORS 487.805.[1] The court held that the statutory limitation of issues at the MVD hearing, which precluded respondent from attempting to prove that he had not been driving at the time of his arrest, violated the Due Process Clause of the Fourteenth Amendment. We affirm.

On May 13, 1985, respondent was arrested for driving under the influence of intoxicants (DUII). The officer who stopped the car believed at first that respondent's companion had been driving and gave her a field sobriety test. Respondent then said that he was the driver, and his companion agreed. The officer arrested respondent for DUII and took him to the police station, where he changed his story and denied that he was the driver. His companion also agreed with the new version. Respondent took a breath test, which showed a blood alcohol content of .22 percent. The officer advised respondent that his license would be suspended under *former* ORS 487.805(3).

Respondent requested a hearing. *Former* ORS 482.541.[2] At that hearing, he contested the issue of whether he was driving. He offered evidence to show that he had not been driving. The hearings officer received the evidence but limited the scope of the hearing and refused to consider the evidence the ground that it was outside the scope of the hearing. He believed that whether respondent was driving was not relevant:

> "The question, of course, is whether the officer had such reasonable grounds to believe, and not whether [respondent], in fact had been driving the vehicle in Benton County, Oregon, while under the influence of intoxicants."

He then found that the police officer had reasonable grounds to believe that respondent had been driving under the influence of intoxicants when the officer asked him to take the

---

[1] *Former* ORS 487.805 is now ORS 813.100 to ORS 813.130.

[2] *Former* ORS 482.541 is now ORS 813.410.

breath test and upheld the suspension. Respondent appealed to the circuit court under *former* ORS 482.541(6).

The circuit court, on *de novo* review, *former* ORS 482.541(6), found that the officer had reasonable grounds to believe that petitioner was driving. It also found, however, that the hearings officer had failed to consider the evidence that respondent was not driving and that that evidence did not establish by a preponderance that respondent was driving when he was arrested. The court stated that the statute

> "fails the second of the three-part balancing test set out in *Mathews v. Eldridge,* 424 U.S. 319, 96 Sup. Ct. 893, 47 L.Ed. 2d 18 (1976). The second step of the *Eldridge* test is the chance of erroneous deprivation consequent to the allowed deprivation proceeding, and the probable value of an additional or substitute proceeding. Under the current statutory proceeding, the true facts are immaterial. The parties could stipulate that the arrested person was not driving and still the person's license could be suspended. The hearings officer would still be required to suspend the offender's license if he found that the officer acted upon reasonable cause.
>
> "This creates a substantial risk that a person may suffer an erroneous deprivation of their operator's license."

The court held that respondent should have had the opportunity in the hearing to contest whether he was driving. It stated:

> "Due process has many times been defined simply as notice and opportunity to be heard. Opportunity to be heard must include the right to present the affected person's position at some stage of the proceeding. Under Oregon's current Implied Consent Law, a person who fails the test is never given the opportunity to present evidence that he was not driving and to have it considered. The Court is satisfied that due process requires that before a person is suspended for failing the breath test, he must be given the opportunity to contest that issue."

*Former* ORS 482.541(4) established the scope of an MVD hearing:

> "The scope of a hearing under this section shall be limited to whether the suspension is valid as described in this subsection. A suspension under this section is valid if all of the following requirements under ORS 487.805 have been met:
>
> "(a)  The person, at the time the person was requested to

submit to a test under ORS 487.805, was under arrest for driving while under the influence of intoxicants in violation of ORS 487.540 or a municipal ordinance.

"(b)   The police officer had reasonable grounds to believe, at the time the request was made, that the person arrested had been driving under the influence of intoxicants in violation of ORS 487.540 or of a municipal ordinance.

"(c)   The person refused the test under ORS 487.805 or took the test and the test disclosed that the level of alcohol in the person's blood was sufficient to constitute being under the influence of intoxicating liquor under ORS 487.545.

"(d)   The person had been informed of the consequences under this section, ORS 482.552 and 487.805 of refusal to submit to the test.

"(e)   The person was informed of the person's rights under ORS 487.810 and this section.

"(f)   The person was given written notice required under ORS 487.805.

"(g)   If the person arrested submitted to the test, the person administering the test was qualified to administer the test under ORS 487.815.

"(h)   If the person arrested submitted to the test, the methods, procedures and equipment used in the test complied with requirements under ORS 487.815."

Respondent does not dispute that the officer had reasonable grounds to believe that he had been driving; rather, he argues that, under both Article I, section 10, of the Oregon Constitution and the Due Process Clause,[3] he should have had an opportunity to show that he had not, in fact, been driving.

We have held that, under *former* ORS 482.550(2), the predecessor to *former* ORS 482.541(4), whether a person was actually driving was not an issue at the hearing. *Ward v. Motor Vehicles Division,* 50 Or App 19, 621 P2d 674 (1981); *Leabo v. SER/Motor Vehicles Division,* 46 Or App 55, 610 P2d 317, *rev*

---

[3] Article I, section 10, of the Oregon Constitution provides:

"No court shall be secret, but justice shall be administered, openly and without purchase, completely and without delay, and every man shall have remedy by due course of law for injury done him in his person, property, or reputation."

The Due Process Clause of the Fourteenth Amendment provides:

"Nor shall any State * * * deprive any person of life, liberty, or property, without due process of law."

*den* 289 Or 337 (1980). At the time of our decisions in those cases, only a person who refused to take a breath test suffered an automatic license suspension. A person who took the test would not receive a suspension even if he had a blood alcohol level above the statutorily permitted level. The state argues that our decisions in those cases are controlling, because the statute applicable here, *former* ORS 482.541(4), defines the scope of the hearing in the same way that its predecessor did. *Former* ORS 482.550(2). Because neither the petitioner in *Ward v. Motor Vehicles Division, supra,* nor in *Leabo v. SER/Motor Vehicles Division, supra,* had raised constitutional issues, we did not address the significance of the statutory limitation of issues under either the state or United States constitutions.

■■ The trial court correctly held that the limitation of issues here does not violate Article I, section 10. *See Cole v. Department of Revenue,* 294 Or 188, 655 P2d 171 (1982); *State v. Burrow,* 293 Or 691, 695 n 5, 653 P2d 226 (1982); *Maddox v. Clackamas County School District No. 25,* 293 Or 27, 34 n 7, 643 P2d 1253 (1982); Linde, "Without Due Process," 49 Or L Rev 125, 136-138 (1970); *see also State v. Wagner,* 305 Or 115, 145, 752 P2d 1136 (1988). The trial court, however, also correctly held that the limitation of issues *does* violate the Due Process Clause.

The suspensions in *Ward v. Motor Vehicles Division, supra,* and *Leabo v. SER/Motor Vehicles Division, supra,* and the suspension in this case differ. Suspension of a license under the Implied Consent Law can occur for two reasons: if a driver refuses to take the test, he suffers suspension; if he takes the test and registers .08 percent or greater blood alcohol, he suffers suspension. The two types of suspension require a different analysis.

Suspension for refusal to take the test is not a penalty for driving under the influence of intoxicants. It is applied to discourage refusals to abide by the implied consent to take the breath sample that follows from driving on public roadways. *State v. Newton,* 291 Or 788, 793, 636 P2d 393 (1981). It is part of the evidence gathering process when a person has lawfully been arrested for DUII. The requirements of due process are satisfied when a person appeals a suspension for *refusing to take the test,* if the state establishes that there were reasonable

grounds to believe that he was driving and, consequently, seeks evidence of intoxication.[4]

If an arrested person *takes the test,* however, and fails it, the resulting suspension is an administrative penalty for driving with a blood alcohol content above the legal limit. The reason for imposing the penalty is because the person was driving under the influence of alcohol. Suspension is not a means of enforcing implied consent. Suspension results automatically if the blood alcohol test result equals or exceeds the statutory level for intoxication.

The act of driving a motor vehicle is crucial to the whole statutory scheme of arrest, prosecution and sentencing for driving under the influence of intoxicants. The first element of DUII is having the requisite blood alcohol level. It is established by the breath test. The second element of DUII is driving. To state that is to belabor the obvious; otherwise, the statute would not recognize the act of *driving* under the influence of intoxicants. The only proof of driving that the statute allows, however, is whether the arresting officer has reasonable grounds to believe that the accused was driving.

Reasonable grounds, however, are a product of the officer's available information and perception, and that information and perception may or may not reflect the true facts. If a person was not, in fact, driving, it would be erroneous to impose a penalty. There is a substantial risk of an erroneous suspension and thus an erroneous deprivation of a substantial privilege—a driver's license—if the scope of the hearing is so limited that the person believed to have been driving is denied the opportunity to prove that the officer's reasonable belief was inaccurate. *See Mathews v. Eldridge,* 424 US 319, 96 S Ct 893, 47 L Ed 2d 18 (1976).[5]

---

[4] *But see Ward v. Motor Vehicles Division,* 50 Or App 19, 23, 621 P2d 674 (1981) (Buttler, J., dissenting).

[5] In *Mathews,* the court stated that there are three factors to consider: (1) the private interest affected by official action; (2) the risk of erroneous deprivation of that interest through the procedures used and the probable value of alternative procedural safeguards; and (3) the government's interest, including the fiscal and administrative burdens of alternative procedural safeguards. The private interest here is substantial—the privilege to drive on public highways. Moreover, it would add little to the fiscal or administrative burden of the hearing process if a person who is believed to have been driving is allowed to show that he was not driving. Finally, the alternative procedure in which the trier of fact allows the person to present evidence of, and then decides, whether or not that person was driving can reduce the risk of erroneous deprivation.

The scope of a hearing relating to a suspension for taking and failing a breath test, *former* ORS 482.541(4), does not satisfy due process guaranteed by the Fourteenth Amendment, if the hearings officer excludes or fails to consider evidence of whether the person was driving. If the state establishes that the officer had reasonable grounds to believe that the person was driving, but the person asserts that he was not driving, he must be allowed to put on evidence to support that claim, and the trier of fact must consider the evidence and make a finding on that issue. The scope of the hearing must include a determination of whether he was driving, which is an element of the offense. *See Pooler v. MVD,* 306 Or 47, 755 P2d 701 (1988). If the fact finder determines that he was not driving, his license cannot be suspended for taking and failing the breath test.[6]

---

[6] The circuit court also correctly cited *Bell v. Burson,* 402 US 535, 91 S Ct 1586, 29 L Ed 2d 90 (1971), to support its decision. The license of the petitioner there, who was uninsured, was administratively suspended, because he failed to post security after a motor vehicle accident for which, he asserted, he was not liable for civil damages. A trial court, on *de novo* review, found that the petitioner was not at fault in the accident and reversed the suspension. The Georgia Court of Appeals reversed the trial court on the ground that fault and liability were not relevant. Georgia sought to assure that the petitioner, if subsequently found liable for civil damages, would pay them.

On review, the United States Supreme Court reversed, stating that due process requires that the hearing "be appropriate to the nature of the case." 402 US at 542. Due process requires that the hearing be meaningful and that

"a hearing which excludes consideration of an element essential to the decision whether licenses of the nature here involved shall be suspended does not meet this standard." 402 US at 542.

An essential element, according to the Court, of the decision whether the petitioner's license should be suspended for failure to post security was whether there was a reasonable possibility that he would subsequently be found liable. Georgia could not administratively suspend his license, unless it provided "a forum for the determination of the question of whether there is a reasonable possibility of a judgment being rendered against him as a result of the accident." 402 US at 542.

The Court stated, however, that "[a] procedural rule that may satisfy due process in one context may not necessarily satisfy due process in every case." 402 US at 540. The state needed to show only a "reasonable possibility" of liability, because the security is posted before the civil trial in which a definitive determination of liability is made. Moreover, the petitioner could negate the suspension by posting the security. In this case, however, the administrative suspension for failing the breath test is automatic and definitive. Moreover, it is a penalty for *driving* while intoxicated, not for "the reasonable possibility of driving" while intoxicated. Driving is an essential element of DUII. Accordingly, if it is "appropriate to the nature of the case," as in *Bell,* to establish "the reasonable possibility" of liability before suspending a person's license for failure to post security, it is "appropriate to the nature of the case" here to establish that respondent was driving before suspending his license for driving while intoxicated.

The hearings officer erred when he limited the scope of the hearing and refused to consider the evidence of whether respondent was driving. The circuit court correctly set aside MVD's suspension order.

Affirmed.

**BUTTLER, J.,** specially concurring.

Although I agree with the majority's disposition of the case, I would not reach the constitutional question. I would apply the plain language of the Implied Consent Law to hold that the scope of a hearing held under *former* ORS 482.541(4) must include the question of whether the respondent was operating a motor vehicle on a highway of this state. *Former* ORS 487.805(1);[1] but *see Ward v. Motor Vehicles Division,* 50 Or App 19, 621 P2d 674 (1981); *Leabo v. SER/ Motor Vehicles Division,* 46 Or App 55, 610 P2d 317, *rev den* 289 Or 337 (1980).

As the Supreme Court held in *Pooler v. MVD,* 306 Or 47, 755 P2d 701 (1988), the scope of a hearing necessarily includes the validity of the respondent's arrest, because a valid arrest is a predicate to a valid demand for a breath test. By the same token, the scope of a hearing must necessarily include a determination of whether the person was operating the motor vehicle, not only because he would not have been driving under the influence if he was not driving the automobile, but also because he was not subject to the Implied Consent Law unless he was driving.

Warden, J., joins in this specially concurring opinion.

---

[1] *Former* ORS 487.805(1), now ORS 813.100(1), provided:

"(1) Any person who operates a motor vehicle upon premises open to the public or the highways of this state shall be deemed to have given consent, subject to the implied consent law, to a chemical test of the person's breath for the purpose of determining the alcoholic content of the person's blood if the person is arrested for driving a motor vehicle while under the influence of intoxicants in violation of ORS 813.010 or of a municipal ordinance. A test shall be administered upon the request of a police officer having reasonable grounds to believe the person arrested to have been driving while under the influence of intoxicants in violation of ORS 813.010 or of a municipal ordinance. Before the test is administrered the person requested to take the test shall be informed of consequences and rights as described under ORS 813.130."

**RICHARDSON, J.,** dissenting.

The critical problem with the majority's reasoning is that it treats an administrative suspension for *failing* a breath test as being a "penalty for driving with blood alcohol content above the legal limit." 93 Or App at 394. The majority acknowledges that, under the same statutes, a suspension for *refusing*

"to take the test is not a penalty for driving under the influence of intoxicants. It is applied to discourage refusals to abide by the implied consent to take the breath sample that follows from driving on public roadways. *State v. Newton,* 291 Or 788, 793, 636 P2d 393 (1981). It is part of the evidence gathering process when a person has lawfully been arrested for DUII." 93 Or App at 393.

Nothing in the statutory scheme substantiates the distinction which the majority makes and, without that distinction, there can be no greater due process right to introduce evidence and obtain a finding about "actual driving" in connection with a failure of the test than in connection with a refusal to take it.

The terms of the statute, as the majority agrees, unequivocally make the officer's reasonable grounds to believe that the arrested person had been driving under the influence of intoxicants, and not the accuracy of that belief, a criterion for upholding the validity of a suspension. The majority also acknowledges that, in *Ward v. Motor Vehicles Division,* 50 Or App 19, 621 P2d 674 (1981), and *Leabo v. SER/Motor Vehicles Division,* 46 Or App 55, 610 P2d 317, *rev den* 289 Or 337 (1980), we held that it was irrelevant in the administrative suspension process whether an arrestee who refused to take the test was in fact driving. The majority "assumes"—and I conclude—that due process does not require an opportunity to disprove or a finding about the fact of driving in cases where the ground for suspension is a refusal to take the test.

The majority nevertheless concludes that, if a licensee takes the test and fails, and if he asserts that he was not driving, due process requires MVD to consider evidence of whether he was actually driving and make a finding on that issue. The basis for the majority's conclusion is its understanding that a suspension for failing the test is penal and that

the *fact* of driving is a constitutional condition precedent to the imposition of that penalty.

I am unable to agree with that reasoning. Under *former* ORS 482.541(4), as it read at the time of petitioner's hearing, refusal to take the test and failure of the test were simply alternative grounds for an administrative suspension. I do not share the majority's view that actual driving is any more relevant under the statute or has any more constitutional significance in one context than in the other. I do not agree that the ability to adduce evidence or an affirmative finding about actual driving is necessary to avoid an "erroneous deprivation" if one has failed the test, but not if one has refused to take it, given that the statute attaches no significance to the fact of driving in either connection.

The fact of *having* a blood alcohol content above the intoxication level, like refusing to submit to a breath test, is a valid non-penal basis for an administrative suspension, whether or not the person was *driving* with that amount of alcohol in his system. There are numerous statutory provisions which make condition or status that does not depend on the act of driving a ground for the denial or suspension of operator's licenses. Examples are ORS 807.060(5) (previously institutionalized and determined to be mentally ill or retarded); ORS 807.060(6) (subject to lapses of consciousness or control); ORS 807.060(7) (physical or mental disability preventing ability to control vehicle); ORS 809.410(20) (under specified circumstances, suspension upon release from mental institution); ORS 809.260 (minor convicted of or determined to have committed alcohol or drug offense). Most saliently, ORS 807.060(4) provides that a person is ineligible for an operator's license if MVD

"determines [that the person] has a problem condition involving alcohol or controlled substances as described under ORS 813.040."

Like those other statutory grounds for disqualification, a person's having had a blood alcohol content above the level of intoxication, as revealed by a breath test taken pursuant to *former* ORS 482.541(4), *is* a status or condition. The legislature provided in other subsections of the statute that, in order for that status to give rise to a suspension, other facts also had to be shown, including a reasonable belief by the

requesting officer that the person was driving while intoxicated. However, it was not constitutionally incumbent on the legislature to further require that the person have an opportunity to disprove the fact which the officer believed.

*Pooler v. MVD,* 306 Or 47, 755 P2d 701 (1988), is wholly consistent with my view and is at odds with the majority's. The court concluded there that, for a person to be "under arrest" within the meaning of *former* ORS 482.541(4), the arrest must be a valid one, and its validity is an issue in the administrative hearing. A valid arrest, the court explained, "mean[s] an arrest supported by probable cause." 306 Or at 50. Accordingly, for a person to be "under arrest" for purposes of the statute, it must be established that the arresting officer had probable cause to believe, *inter alia,* that the person was driving. However, it is not necessary that the hearings officer find that the person *was* driving in order to find that the arrest was valid. The majority nevertheless concludes that *Pooler* lends support to its thesis that, to suspend an arrested person's license on the ground that he failed a breath test, the person must be allowed to produce evidence that he was not and the hearings officer must find that he was driving. In my opinion, the majority's reading of *Pooler* is a *nonsequitor:* it posits that proof and a finding that the officer had probable cause to believe that the arrested person was driving satisfies the "under arrest" requirement of the statute, but that proof and a finding about whether the person was actually driving can be necessary in connection with the statutory requirement that the officer had reasonable grounds to believe that the person was driving. *See former* ORS 482.541(4)(a) and (b).

Throughout its discussion, the majority appears to treat the administrative suspension statutes as defining an *offense,* identical in its elements to DUII. The statute is not susceptible to that understanding. It clearly provides that the suspension is for refusing or failing the test, not for committing the offense. The fact that the sanctions for the offense are penal in nature does not make suspension a penalty. For the reasons I have stated, the legislature may and did make failing the test, without more, the ground for a suspension, just as it may and has made refusal of the test the basis for an administrative suspension. I do not agree with the majority that more protections are constitutionally required in connection with one kind of suspension than the other, or that the proof

specified by the statute falls short of due process requirements in connection with suspensions based on either ground. I therefore dissent.[1]

Warren, Van Hoomissen and Deits, JJ., join in this dissent.

---

[1] *Bell v. Burson,* 402 US 535, 91 S Ct 1586, 29 L Ed 2d 90 (1971), is not contrary to my conclusion. The objective of the Georgia statute involved in that case, as the United States Supreme Court understood it, was to assure that a driver could respond to a judgment when there was a "reasonable possibility of [one] being rendered against him." 402 US at 542. Accordingly, some likelihood of liability as well as the failure to demonstrate financial responsibility had to be established to justify an administrative suspension under the statute even though, facially, it required only a showing that a driver who had been involved in an accident had not demonstrated financial responsibility. The Supreme Court's concern with "form and substance" may have been valid in *Bell,* because of the integral connection between the ability to satisfy a judgment and the likelihood that there will be a judgment to satisfy. However, there is no comparable form and substance problem here. The legislature has specified that failing a breath test is a ground for the suspension of a license, if the other prerequisites to suspension which the statute establishes are also shown to exist. The statute makes it very clear—and we have held in construing its predecessor—that whether the arrested person was in fact driving is not among those prerequisites. Actual driving is not part of the form or the substance of the statute; it is something which the statute makes totally irrelevant.