Submitted on the record April 4, the judgment of the circuit court and the decision of the Court of Appeals affirmed June 27, 1989

In the Matter of the Suspension of
the Driving Privileges of
Keith David Hilton, Petitioner.

HILTON,
*Respondent on Review,*

*v.*

MOTOR VEHICLES DIVISION,
*Petitioner on Review.*

(TC 45182; CA A38100; SC S35799)

775 P2d 1378

Robert M. Atkinson, Assistant Attorney General, Salem, filed the petition for petitioner on review. With him on the petition were Dave Frohnmayer, Attorney General and Virginia L. Linder, Solicitor General, Salem.

No appearance *contra.*

GILLETTE, J.

## GILLETTE, J.

In this driver's license suspension proceeding, we allowed review to interpret the statutes governing the hearing process for suspending the driver's license of a licensee who failed a sobriety test. The issue is whether the Motor Vehicles Division (MVD) must consider as an issue at that hearing the licensee's claim that he was not driving at the time the police stopped his car and ordered him to submit to a breath test. We hold that the issue of whether an arrestee was driving is within the scope of the suspension hearing.

Police officers stopped a car occupied by Hilton and a companion. Hilton initially told the officers that he had been driving. Believing him to be intoxicated, the officers arrested Hilton and took him to the police station. At the station, Hilton changed his story and denied that he had been driving. Hilton did, however, take a breath test. The result was a blood-alcohol level well above the permissible limit.

Based on the results of the breath test, the officers notified Hilton that MVD would suspend his operator's license unless he requested a hearing, which he did. At the hearing, Hilton offered proof that he was not driving when the officers stopped the car, but MVD's hearings officer refused to consider that defense.

*Former* ORS 482.541 governed the suspension process at the time of Hilton's hearing:[1]

"(4)  The scope of a hearing under this section shall be limited to whether the suspension is valid as described in this subsection. A suspension under this section is valid if all of the following requirements under ORS 487.805 have been met:

"* * * * *

"(b)  The police officer had reasonable grounds to believe, at the time the request was made, that the person arrested had been driving under the influence of intoxicants * * *."

Relying on the limitation of the scope of the hearing contained in *former* ORS 482.541(4)(b), MVD considered only whether the arresting officer had reasonable grounds *to believe* that Hilton had been driving, not whether he *actually* had

---

[1] Now renumbered ORS 813.410. There has been no textual change, other than to change the statutory cross reference to conform to the renumbering of the statutes.

been driving. MVD found that the arresting officer had such grounds. That finding is not disputed. Concluding that all of the elements of a valid suspension were present, the hearings officer ordered the suspension of Hilton's license.

Hilton sought judicial review. *Former* ORS 482.541(6). The circuit court held that the suspension proceedings violated Hilton's right to due process. The Court of Appeals agreed, *Hilton v. MVD,* 93 Or App 390, 762 P2d 1030 (1988)(in banc), although the majority could not agree on a rationale. The lead opinion in the Court of Appeals, by Newman, J., held that *former* ORS 482.541(4)(b) precluded review of whether the licensee was in fact driving, but that such a limitation violates federal constitutional requirements of due process under *Mathews v. Eldridge,* 424 US 319, 96 S Ct 893, 47 L Ed 2d 18 (1976). *Hilton v. MVD, supra,* 93 Or App at 394.

The lead opinion began with the premise that, while it might be permissible under the statutory scheme to suspend an operator's license for refusal to take a breath test, suspending a license as a result of the test was a different matter:

"Suspension for refusal to take the test is not a penalty for driving under the influence of intoxicants. It is applied to discourage refusals to abide by the implied consent to take the breath sample that follows from driving on public roadways. *State v. Newton,* 291 Or 788, 793, 636 P2d 393 (1981). It is part of the evidence gathering process when a person has lawfully been arrested for DUII. The requirements of due process are satisfied when a person appeals a suspension for *refusing to take the test,* if the state establishes that there were reasonable grounds to believe that he was driving and, consequently, seeks evidence of intoxication.

"If an arrested person *takes the test,* however, and fails it, the resulting suspension is an administrative penalty for driving with a blood alcohol content above the legal limit. The reason for imposing the penalty is because the person was driving under the influence of alcohol. Suspension is not a means of enforcing implied consent. Suspension results automatically if the blood alcohol test result equals or exceeds the statutory level for intoxication.

"The act of driving a motor vehicle is crucial to the whole statutory scheme of arrest, prosecution and sentencing for driving under the influence of intoxicants."

*Hilton v. MVD, supra,* 93 Or App at 393-94 (emphasis in original; footnote omitted).

Judge Buttler, joined by Judge Warden, concurred specially. He argued that the constitutional question need not be reached because

> "the scope of a hearing must necessarily include a determination of whether the person was operating the motor vehicle, not only because he would not have been driving under the influence if he was not driving the automobile, but also because he was not subject to the Implied Consent Law unless he was driving."

*Id.* at 396 (Buttler, J., specially concurring).

Judge Richardson, joined by three other judges, dissented. He did not agree with the lead opinion's view that license suspension was an administrative sanction for driving with an excessive blood alcohol level. He argued:

> "I am unable to agree with that reasoning. Under *former* ORS 482.541(4), as it read at the time of petitioner's hearing, refusal to take the test and failure of the test were simply alternative grounds for an administrative suspension. I do not share the majority's view that actual driving is any more relevant under the statute or has any more constitutional significance in one context than in the other."

*Id.* at 398 (Richardson, J., dissenting).

Although we agree that MVD must consider whether Hilton was driving, we do not reach the due process question. Instead, we hold that the question of whether Hilton was driving was within the scope of the hearing as defined by statute.

*Former* ORS 482.541 limited the scope of the hearing to determining "whether the suspension is valid as described in this subsection." The statute sets forth several requirements for a valid suspension, including the requirement that the officer have reason to believe that the licensee was driving while intoxicated. *Former* ORS 482.541(4)(b). MVD relied upon this provision to conclude that the issue of driving was beyond the scope of the hearing. However, another prerequisite to a valid suspension is that

> "[t]he person refused the test *under ORS 487.805* or took the test and the test disclosed that the level of alcohol in the

person's blood was sufficient to constitute being under the influence of intoxicating liquor under ORS 487.545."

*Former* ORS 482.541(4)(c) (emphasis added).

Thus, to determine whether the suspension was valid, the hearings officer must determine not only whether the officer had reasonable grounds to believe that the licensee was operating a motor vehicle while intoxicated, but also whether the licensee either refused or failed the "test under ORS 487.805."

*Former* ORS 487.805[2] was Oregon's "implied consent" statute. It provided that "[a]ny person who operates a motor vehicle upon premises open to the public * * * shall be deemed to have given consent" to a chemical test of the alcohol content of the licensee's blood. A licensee who was not operating a motor vehicle upon Oregon's highways was not "deemed" to have consented to a breath test.[3]

What is meant by the phrase "test under ORS 487.805" in *former* ORS 482.541(4)(c) is not clear. It could be that the legislature intended subsection (4)(c) to authorize inquiry only into whether the licensee in fact took (or refused) a breath test. Yet, if that was what the legislature meant, the legislature could simply have used the term "breath test" or "chemical test" or other comparable language.

The legislative history of the implied consent statute is inconclusive. In 1981, the House of Representatives considered a bill to amend the provisions governing the scope of the suspension hearing. If enacted, HB 2668 would have expressly required MVD to consider whether the licensee was driving. The proposed legislation apparently was a response to two

---

[2] Now ORS 813.100. *Former* 487.805(1) provided in part:

"Any person who operates a motor vehicle upon the premises open to the public as defined in ORS 487.535 or the highways of this state shall be deemed to have given consent, subject to ORS 487.805 to 487.835, to a chemical test of the person's breath for the purpose of determining the alcoholic content of the person's blood if the person is arrested for driving a motor vehicle while under the influence of intoxicants in violation of ORS 487.540. A test shall be administered upon the request of a police officer having reasonable grounds to believe the person arrested to have been driving while under the influence of intoxicants in violation of ORS 487.540 or of a municipal ordinance."

[3] For a discussion of implied consent, see *State v. Newton*, 291 Or 788, 636 P2d 393 (1981).

Court of Appeals decisions holding that MVD need not consider whether the licensee actually was driving.[4] A subcommittee of the House Judiciary Committee tabled the bill. However, a later legislature's failure to change a previously-enacted statute is not part of the legislative history of that statute and has no bearing on its meaning at the time it was enacted. *See, e.g., DeFazio v. WPPSS,* 296 Or 550, 561, 679 P2d 1316 (1984).

We conclude that "test under [*former*] ORS 487.805" means a test given *under the authority of that provision.* We interpret the phrase "test under ORS 487.805" to mean a test to which a licensee is deemed to have impliedly consented. If the licensee was not driving, then *former* ORS 487.805 did not deem the licensee to have consented to a chemical test, nor authorize the police to conduct such a test. Forcing the licensee to submit to a test in such a case cannot be said to have been done "under" ORS 487.805.

Under the statute as so construed, the officers were authorized to ask Hilton to take a breath test only if he was driving a motor vehicle, *i.e.,* only if he were deemed to have given his consent to take such a test under those circumstances. Therefore, MVD's authority to address whether Hilton failed the chemical test under *former* ORS 487.805 necessarily includes a threshold issue of whether the test properly could be administered under former ORS 487.805, *i.e.,* whether that provision gave police officers the authority to conduct a test. When Hilton claimed he was not driving, MVD should have resolved that claim when it addressed whether Hilton failed the "test under ORS 487.805." *Former* ORS 482.541(4)(c).

This court recently faced a similar question in *Pooler v. MVD,* 306 Or 47, 755 P2d 701 (1988), another license suspension case. The issue there was whether the validity of the arrest leading to the suspension was within the scope of the hearing. This court held that MVD must consider the validity of the arrest, explaining that "[w]ithout a valid arrest, there can be no request to take a breath test which may lead to a lawful suspension." 306 Or at 51. Similarly, if the licensee was

---

[4] *Ward v. Motor Vehicles Division,* 50 Or App 19, 621 P2d 674 (1981); *Leabo v. SER/Motor Vehicles Division,* 46 Or App 55, 620 P2d 317 *rev den* (1980).

not driving, refusal of a request to take a breath test cannot lead to a lawful suspension.

We hold that MVD must consider a defense that the licensee was not driving, if such a defense is proffered, before it may suspend the licensee's license. *See Pooler v. MVD, supra,* 306 Or at 51. Because MVD refused to consider Hilton's defense, the suspension was invalid.

The judgment of the circuit court and the decision of the Court of Appeals are affirmed.