Argued and submitted January 25, reversed and remanded with instructions
July 26, 1989

In the Matter of the Suspension of
the Driving Privileges of
BISH,
*Respondent,*

*v.*

MOTOR VEHICLES DIVISION,
*Appellant.*

(CC87-2230; CA A48443)

776 P2d 1320

Margaret E. Rabin, Assistant Attorney General, Salem, argued the cause for appellant. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

No appearance by respondent.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

In this implied consent case, Motor Vehicles Division (MVD) appeals a judgment reversing the hearings officer's order suspending respondent's driving privileges. ORS 813.410. We reverse.

On October 21, 1987, a dispatcher informed Officer Logsdon that Officer Pendleton, who was in an unmarked car and not in uniform, was following an intoxicated driver. Following the dispatcher's information, Logsdon was able to locate Pendleton and respondent on Marine Drive, where he saw respondent pull over to the curb on his own initiative, followed by Pendleton. As respondent began to pull away from the curb, Pendleton yelled at him to stop, identified himself as a police officer and told him to get out of the car. Pendleton then turned respondent over to Logsdon, who, after giving respondent field sobriety tests, determined that he was intoxicated. Logsdon then arrested respondent for driving under the influence of intoxicants (DUII). ORS 813.010.

After his arrest, respondent refused to take a breath test, and MVD issued a notice of intent to suspend his driving privileges. See ORS 813.100(3); ORS 813.410. Respondent requested an implied consent hearing, which was held on November 3, 1987. See ORS 813.410(2). Both Logsdon and Pendleton were witnesses at the hearing. Logsdon testified that, although he arrested respondent for DUII, he did not see him driving and did not know what caused Pendleton to believe that respondent was intoxicated. At the conclusion of Logsdon's testimony, the hearings officer stated that he did not believe that Pendleton's testimony was necessary to reach a decision, but that the attorney for respondent could examine Pendleton if he wished. Respondent's attorney did examine Pendleton, but he elicited no information concerning the officer's reasons for the stop.

In his closing argument, counsel for respondent asserted for the first time that, because MVD had presented no evidence justifying the initial stop of defendant, it had failed to demonstrate that respondent's arrest for DUII was valid. The hearings officer rejected that argument, concluding that the validity of the stop was not within the scope of the hearing and that, even if it were, respondent would have the burden of disproving that the arrest was valid.

On December 2, 1987, approximately four weeks after that hearing, and after the final order, we decided *Pooler v. MVD,* 88 Or App 475, 478, 746 P2d 716 (1987), as a case of first impression, holding that "MVD may not suspend driving privileges based on a breath test result, unless the driver is first validly arrested." In its April 12, 1988, review of the hearings officer's decision, the circuit court reversed respondent's suspension, holding that, under *Pooler,* MVD had failed to establish that respondent had been *validly* arrested for DUII when he refused to take the breath test, because there was no evidence regarding the underlying stop. On June 7, 1988, the Supreme Court affirmed our decision in *Pooler.* 306 Or 47, 755 P2d 701 (1988).

**1.** MVD argues that respondent's suspension should be upheld for two reasons. First, it asserts that, applying a common law presumption of administrative regularity, respondent's arrest was *prima facie* valid; and because respondent had failed to put on evidence to rebut that presumption, the suspension was valid.[1] Second, it contends that, under *Pooler,* a driver must inform the hearings officer that the validity of the arrest will be an issue. Because respondent did not raise the issue until his closing argument, MVD argues, he failed to meet the notification requirement in *Pooler.*[2]

**2, 3.** The scope of an implied consent hearing includes a determination of the validity of a driver's arrest for DUII. *Pooler v. MVD, supra,* 306 Or at 51. That does not mean, however, that the validity of the arrest is an issue in every case. In *Pooler,* the Supreme Court stated: "*Upon* [*the driver's*] *request,* the hearings officer was required under *former* ORS 482.541 to determine whether respondent validly was under arrest for DUII when asked to take the chemical breath test."[3] 306 Or at 51. (Emphasis supplied.) Thus, the hearings officer must consider the propriety of an arrest only if the driver raises the issue during the evidentiary part of the hearing. *See*

---

[1] That contention is without merit.

[2] MVD also argues that, if the suspension was not valid, we should remand the case for action consistent with a correct interpretation of the law. *See* ORS 813.450(4)(a). Given our disposition of the case, we do not decide that argument.

[3] ORS 813.410(4)(a) is the equivalent of *former* ORS 482.541(4)(a), the statute interpreted in *Pooler v. MVD, supra.*

*also Hilton v. MVD,* 308 Or 150, 157, 775 P2d 1378 (1989). In this case, respondent did not request that the hearings officer consider the issue until closing argument. Therefore, his license was validly suspended.

Reversed and remanded with instructions to reinstate suspension order pursuant to *Wimmer v. MVD,* 83 Or App 268, 730 P2d 1297 (1986).