Argued and submitted November 3, 1989, reversed and remanded with instructions
May 23, 1990

In the Matter of the Suspension of
the Driving Privileges of

FISCHER,
*Respondent,*

*v.*

MOTOR VEHICLES DIVISION,
*Appellant.*

(88-2152; CA A51139)

792 P2d 445

Katherine H. Waldo, Assistant Attorney General, Salem,

argued the cause for appellant. With her on the brief were Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Michael D. Reynolds, Assistant Attorney General, Salem.

Steven H. Gorham, Salem, argued the cause and filed the brief for respondent. On the brief was Wesley S. Johnson, Longview, Washington.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

## NEWMAN, J.

The Motor Vehicles Division appeals a judgment that reversed a hearings officer's order that had suspended respondent's driving privileges for refusing to take a chemical breath test. ORS 813.410. The hearings officer concluded that there had been reasonable suspicion to support the stop and that the arrest was valid. The court held that the stop was invalid, because there was not substantial evidence at the hearing that the officer had had a reasonable suspicion that respondent was driving under the influence of intoxicants. We reverse.

Officer Cade was the only witness before the hearings officer. His testimony is undisputed. He testified that he arrived at a gas station at about 2:44 a.m. on October 17, 1988, where Officer Edwards had previously stopped and arrested respondent. Edwards told Cade that the reason he had stopped respondent was because he had driven over the fog line twice and then pulled into the gas station. Edwards also told Cade that he had then observed that respondent had a moderate odor of alcoholic beverage on his breath and blood-shot and watery eyes, that he had leaned against his vehicle most of the time instead of standing upright and that he had admitted that he had had one drink.

■ There was substantial evidence that Officer Edwards had a reasonable suspicion that respondent was driving under the influence of intoxicants.[1] As we noted in *State v. Wright,* 94 Or App 468, 471, 765 P2d 1251 (1988), *rev den* 307 Or 514 (1989), indications that a driver is impaired come in many ways. Here, Edwards saw respondent driving in the early morning and twice saw him cross over the fog line. That gave Edwards a basis for reasonable suspicion that respondent was driving under the influence of intoxicants. The stop was valid.

---

[1] MVD argued that, because respondent did not offer any evidence to rebut MVD's evidence, the validity of the stop was not at issue. It is true that in *Crawford v. MVD,* 98 Or App 354, 779 P2d 196, *rev den* 308 Or 608 (1989), and *Bish v. MVD,* 97 Or App 648, 776 P2d 1320 (1989), we held that a driver must raise the issue of the validity of an arrest during the evidentiary part of the hearing. *See also Pooler v. MVD,* 306 Or 47, 51, 755 P2d 701 (1988). Here, respondent's counsel stated at the beginning of the hearing that the validity of the arrest was at issue, which necessarily placed the validity of the stop at issue. Respondent may choose to have the hearings officer make the legal determination whether the evidence shows reasonable suspicion to support the stop on the basis of a record that only contains evidence that MVD offers.

Reversed and remanded with instructions to reinstate the suspension order pursuant to *Wimmer v. MVD,* 83 Or App 268, 730 P2d 1297 (1986).