Argued and submitted December 10, 1993, reversed and remanded with instructions
January 26, 1994

In the Matter of the Suspension of
the Driving Privileges of

Ronald Melvin WARNER,
*Respondent,*

*v.*

MOTOR VEHICLES DIVISION,
*Appellant.*

(C921104CV; CA A79693)

868 P2d 6

Robert B. Rocklin, Assistant Attorney General, argued the cause for appellant. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Nick Albrecht argued the cause and filed the brief for respondent.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

LEESON, J.

## LEESON, J.

The Motor Vehicles Division (MVD) appeals from a judgment of the circuit court reversing MVD's suspension of petitioner's driving privileges pursuant to ORS 813.410 for refusal to take a breath test. We review MVD's order for substantial evidence and errors of law, ORS 813.450(4); *Shakerin v. MVD*, 101 Or App 357, 360, 790 P2d 1180 (1990), and reverse.

On October 6, 1992, Deputy Rice of the Washington County sheriff's office was contacted by a person who informed him that her vehicle had just been struck by a pickup truck at the intersection of Highway 8 and 345th Avenue. She reported that after the impact, the truck had accelerated away in a squeal of tires and that the license plate number of the truck was GSW 542.

Rice traced that number to a vehicle that was not a truck. He drove to the area of the incident in an effort to find the woman he had talked to. When he did not find her, he drove down 345th Avenue and saw a white pickup truck parked in a residential driveway approximately five blocks from the scene of the accident. The license plate number on the truck was GSW 452.

Approximately one hour after the reported incident, Rice knocked on the door of the house and petitioner's wife answered. She admitted that petitioner owned the truck and said that he was asleep on the couch. Rice asked to speak to petitioner and entered the house. Rice woke petitioner up, noticing a strong odor of alcohol on petitioner's breath. Petitioner also swayed as he stood up. He refused to produce his driver's license and did not want to go outside with Rice to view the truck. Eventually, petitioner went outside with Rice to look at the truck, which had damage consistent with the reported accident. The hood of the car was still warm, as if the truck had been driven recently.

Rice warned petitioner of the consequences of failing or refusing to submit to field sobriety tests. Petitioner refused to take the tests, and Rice arrested him for driving under the influence of intoxicants (DUII). At the Washington County jail, petitioner was warned of the potential consequences of refusing to submit to a chemical breath test. He nevertheless

refused to submit to the test, and MVD suspended his driving privileges based on ORS 813.100,[1] the implied consent law. The hearings officer found that petitioner was under arrest for DUII (a violation of ORS 813.010) or a municipal ordinance, that the deputy who asked petitioner to take the breath test reasonably believed that petitioner had been driving under the influence of intoxicants, and that petitioner refused to take the test.

Petitioner sought judicial review in the circuit court. The circuit court reversed the suspension on the ground that

"this court is of the opinion that the arresting office[r] entered the Petitioner's home without a warrant or any permission of the lawful occupants and at the time of such entry did not have probable cause to believe that the Petitioner, approximately one (1) hour previously, had been driving a motor vehicle on a public way under the influence of intoxicants[.]"

■ MVD argues that there was substantial evidence to support the hearings officer's finding that the officer had reasonable grounds to believe that petitioner had been driving under the influence of intoxicants. In *Wood v. MVD*, 93 Or App 575, 578, 763 P2d 190 (1988), we described the requirements for such reasonable grounds:

"[T]he issue in this kind of case is not what actually did happen, nor is there any requirement that there be an eyewitness. Just as in DUII prosecution, the evidence may only be circumstantial. 'Reasonable grounds' is a conclusion of law that is inferred from the facts and circumstances known to the officer. Accordingly, the dispositive issue is whether, at the time of the request to take the breath test,

---

[1] ORS 813.100 provides, in part:

"(1) Any person who operates a motor vehicle upon premises open to the public or the highways of this state shall be deemed to have given consent, subject to the implied consent law, to a chemical test of the person's breath for the purpose of determining the alcoholic content of the person's blood if the person is arrested for driving a motor vehicle while under the influence of intoxicants in violation of ORS 813.010 or of a municipal ordinance.

"* * * * *

"(3) If a person refuses to take a test under this section or if the test under this section discloses that the person, at the time of the test, had a level of alcohol in the person's blood that constitutes being under the influence of intoxicating liquor under ORS 813.300, the person's driving privileges are subject to suspension under ORS 813.410 * * *."

the officer had reasonable grounds to believe that petitioner had been driving *and* was under the influence at the time of the driving.''

We conclude that the record provides substantial evidence that, under the totality of the circumstances, the officer had reasonable grounds to believe that petitioner was under the influence at the time of the driving. Petitioner does not challenge the finding that he was driving. His truck hit another vehicle, and he drove away, accelerating rapidly after the impact. The officer found him passed out on the couch and had trouble waking him. His breath smelled of alcohol and he swayed when he stood. The hood of the truck was still warm, indicating it had been driven recently. Although petitioner claimed that he had become intoxicated after the accident, the hearings officer was entitled to find that that testimony was not credible. *See Shakerin v. MVD, supra*, 101 Or App at 360.

Petitioner also contends that the suspension should be reversed, because the arrest was made after the officer entered petitioner's house illegally. The hearings officer made no findings as to the validity of the warrantless entry into petitioner's home, because petitioner did not raise that issue at the MVD hearing. Petitioner contends that he was entitled to raise this issue for the first time in the circuit court. He is incorrect.

The question of whether an arrest preceding a request for a chemical breath test was valid is squarely within the scope of the administrative hearing. *Pooler v. MVD*, 306 Or 47, 51, 755 P2d 701 (1988). However, the determination of the validity of the arrest is at issue in the hearing only if the driver raises it. *Bish v. MVD*, 97 Or App 648, 651, 776 P2d 1320 (1989). A petitioner may appeal to the circuit court from the MVD order. The scope of the circuit court's review is limited. ORS 813.450 provides, in part:

"(2) The court shall conduct the review without a jury. *Review shall be limited to the record of the division's hearing.*

"* * * * *

"(4) Upon review in the circuit court * * * the court may affirm, reverse or remand the order as follows:

"* * * * *

"(c)  The court shall set aside or remand the order if it finds that the order is not supported by substantial evidence in the record." (Emphasis supplied.)

Here, there was no evidence or argument in the MVD record regarding the validity of the entry, nor was there any finding on that issue for the circuit court to review for substantial evidence.

Reversed and remanded with instructions to enter order of suspension pursuant to *Wimmer v. MVD*, 83 Or App 268, 730 P2d 1297 (1986).