Argued and submitted September 30, reversed and remanded for further proceedings October 28, 1987

In the Matter of the Suspension of
the driving privileges of

ARRIEN,
*Respondent,*

*v.*

MOTOR VEHICLES DIVISION,
*Appellant.*

(8607-03996; CA A42124)

744 P2d 595

Christine Chute, Assistant Attorney General, Salem, argued the cause for appellant. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Donald Foss, Jr., Oregon City, argued the cause for respondent. On the brief was Edward D. Latourette, Oregon City.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

WARDEN, P. J.

## WARDEN, P. J.

The state appeals from a judgment vacating a Motor Vehicles Division order suspending petitioner's license. It contends that the circuit court erred in reviewing the administrative order *de novo.* We agree and reverse.

Officer Mann arrested petitioner for driving while under the influence of intoxicants. Petitioner did not take a blood alcohol test. At the license suspension hearing, Mann testified that petitioner asked whether he should call an attorney before agreeing to take the test and that Mann responded that petitioner would have to decide for himself. The hearings officer found Mann's testimony credible, rejected as not credible petitioner's testimony that he asked to speak to his attorney and suspended petitioner's driving privileges. Petitioner appealed to circuit court pursuant to ORS 813.450.[1]

The petition asserted that (1) petitioner was denied a reasonable opportunity to contact counsel after his arrest; (2) the hearings officer's order is not supported by substantial evidence in the record; (3) the order is inconsistent with a Motor Vehicles Division rule, prior practice or officially stated Division position; and (4) certain documentary evidence referred to laws that have been repealed and, therefore, those documents were improperly admitted in evidence. The court reviewed *de novo,* made its own findings of fact and vacated the order of suspension.

The state contends that the court erred in reviewing the administrative order *de novo.* We agree. ORS 813.450, which applies to appeals from suspension for refusal or failure of breath test, provides, in pertinent part:

"(4)  Upon review in the circuit court and Court of Appeals, the court may affirm, reverse or remand the order as follows:

"* * * * *

"(c)  The court shall set aside or remand the order if it

---

[1] An appeal from an order suspending a driver's license for refusal to take a breath test is not subject to the Administrative Procedures Act. ORS 813.410(2). ORS 813.450 provides for judicial review of the order in circuit court and then in the Court of Appeals. An award of costs to this court is governed by ORS 21.120, not by ORS 183.497. *Cf. Shetterly, Irick & Shetterly v. Emp. Div.,* 302 Or 139, 727 P2d 117 (1986) (costs may not be awarded against a private party in a contested APA case).

finds that the order is not supported by substantial evidence in the record."

We conclude that the court erred in reviewing *de novo* and hold that there is substantial evidence to support the hearings officer's finding that petitioner did not ask to consult with counsel. We remand for the court's disposition of the other bases for reversal asserted by petitioner in his petition to the circuit court.

Reversed and remanded for further proceedings not inconsistent with this opinion.