## STATE OF OREGON,
*Respondent,*

*v.*

## MIKE JOEY WEIGEL,
*Appellant.*

(T11928A; CA A50715)

782 P2d 953

Steven L. Price, Hillsboro, argued the cause and filed the brief for appellant.

Vera Langer, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

DEITS, J.

**DEITS, J.**

Defendant appeals his conviction for DUII, ORS 813.010, arguing that the trial court erred in denying his motion to suppress. We affirm.

Shortly after midnight, Police Officer Leloff saw a pickup truck spinning its tires at a stop light. The truck accelerated rapidly when the light turned green. Leloff believed that the driver's conduct constituted careless driving, ORS 811.135, or speed racing by acceleration. ORS 811.125(1)(d). However, he was unable to pursue the truck immediately, because he was involved in other police business. He radioed Officer King, who was nearby, and told him about the incident. Leloff described the truck and asked King to stop it, if he saw it. Approximately one minute later, King saw the truck come from Leloff's general direction, drive into an apartment parking lot and stop. King pulled his marked patrol vehicle in behind the truck, approached defendant and asked for his driver's license. King took the license and ran a record check. Approximately two minutes after King stopped defendant, Leloff arrived. He took over, and King left the scene. During his encounter with defendant, Leloff observed symptoms of intoxication and eventually arrested him for DUII.

Defendant argues that the trial court erred in denying his motion to suppress. He contends that King's encounter with defendant constituted a stop and that, because King did not see defendant commit the traffic infraction, he was not authorized to stop and detain him.

The state concedes that a stop occurred, but argues that, under ORS 810.410, an officer may stop a person based on information from another officer that the person committed a traffic infraction in the other officer's presence. ORS 810.410 provides, in pertinent part:

"(2) A police officer may issue a citation to a person for a traffic infraction at any place within or outside the jurisdictional authority of the governmental unit by which the police officer is authorized to act when the traffic infraction is committed in the police officer's presence.

"(3) . A police officer:

"(a) Shall not arrest a person for a traffic infraction.

"(b) May stop and detain a person for a traffic infraction

for the purposes of investigation reasonably related to the traffic infraction, identification and issuance of citation."

The statute does provide that an officer must have observed the traffic infraction in order to issue a citation for it. However, the authority under ORS 810.410(3)(b) to stop and detain a person for purposes of investigation related to the infraction is not limited to the officer who observed the infraction. When an officer tells another officer that he has seen a person commit a traffic infraction, the second officer may stop and detain the person for purposes of investigation related to the infraction.

Defendant relies on *State v. Painter,* 296 Or 422, 676 P2d 309 (1984), which concerned *former* ORS 484.353, the language of which is similar to ORS 810.410.[1] However, the issue in *Painter* was not the same as here. A police officer saw the defendant in an alley at 3 a.m. and asked him what he was doing. He told the officer that he had experienced car trouble and was looking for a telephone. The officer then asked for identification, and the defendant produced an expired Virginia driver's license and several credit cards. The officer kept the documents and ran a record check. The officer asked the defendant the make of his car and its location; the defendant gave him that information and left. The officer then located the car, shined a flashlight into the interior and saw what he thought was a pistol under the seat. He waited until the defendant returned to the car and drove away and then stopped him for driving while suspended and carrying a concealed weapon.

The court held that ORS 483.353 did not provide authority for the officer to cite the defendant for a traffic

---

[1] *Former* ORS 484.353 provided, in part:

"(1)  A police officer may issue a citation to a person for a traffic infraction at any place within or outside the jurisdictional authority of the governmental unit by which the police officer is authorized to act when the traffic infraction is committed in the police officer's presence.

"(2)  A police officer:

"(a)  Shall not arrest a person for a traffic infraction.

"(b)  May stop and detain a person for a traffic infraction for the purposes of investigation reasonably related to the traffic infraction, identification and issuance of citation."

ORS 484.353 was repealed and replaced by Or Laws 1983, ch 338, § 400, *now* ORS 810.410.

infraction, because, when the officer first stopped the defendant, he had not observed a traffic infraction but only had a reasonable suspicion that the defendant had committed one. The court noted that, in contrast to ORS 131.615, which authorizes a stop when an officer has a reasonable suspicion that a person has committed a crime, ORS 484.353 required that the traffic infraction be committed in an officer's presence. The court did not address the question of whether an officer may stop a person for committing a traffic infraction on the basis of a communication from another officer.

In this case, King could not have issued defendant a citation, because he did not observe him commit a traffic infraction. However, on the basis of the communication from Leloff that defendant had committed an infraction in Leloff's presence,[2] King had authority under ORS 810.410(3)(b) to stop and detain defendant for purposes of investigation related to the infraction. Accordingly, the trial court did not err in denying defendant's motion to suppress.

Affirmed.

---

[2] Defendant does not challenge the fact that Leloff observed him commit a traffic citation.