Argued and submitted December 19, 1989, reversed and remanded with instructions
April 25, 1990

In the Matter of the Suspension of
the Driving Privileges of

SHAKERIN,
*Respondent,*

*v.*

MOTOR VEHICLES DIVISION,
*Appellant.*

(A8807-03644; CA A51165)

790 P2d 1180

John A. Reuling, Jr., Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Robert A. Goffredi, Portland, argued the cause and filed the brief for respondent.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

**WARREN, J.**

Motor Vehicles Division (MVD) appeals the circuit court's judgment vacating its order suspending petitioner's driving privileges pursuant to ORS 813.410. It contends that petitioner's refusal to take a breath test was voluntary and that he had had a reasonable opportunity to contact counsel. We reverse.

We state the facts consistently with the findings of the hearings officer. *See* ORS 813.450(4)(c). Trooper Olsen arrested petitioner for driving under the influence of intoxicants at about 2:45 a.m. Petitioner asked permission to call an attorney, and Olsen told him that he could when they had reached the police station. They arrived at the station at 3:40 a.m., and Olsen began the 15-minute observation period necessary before a breath test. According to Olsen, he asked petitioner if he would like to contact an attorney, and petitioner replied that he "wanted to go to the bathroom first and he didn't want to call an attorney." Olsen said that they would have to finish the test first. He read petitioner the "Rights and Consequences" form twice, explaining three or four times the periods of suspension that he could receive. Petitioner did not repeat his request to go to the bathroom. Olsen asked him again if he wanted an attorney, and he said that he did not. Finally, Olsen asked if he would take the examination, and petitioner said, "No."[1]

At the hearing, petitioner argued that his need to urinate on the morning of his arrest rendered involuntary his decisions not to contact counsel and to refuse to take the test. The hearings officer upheld the suspension of petitioner's driving privileges, finding that he had not expressed "extreme discomfort." The circuit court reversed. It held that petitioner's decisions were involuntary, because he was "suffering extreme physical discomfort."

MVD concedes that a painful need to urinate might make a refusal involuntary if the officer indicates that the

---

[1] In the findings of facts, the hearings officer found that petitioner said, "no," when asked to take the test. The opinion states, however, that the officer testified that petitioner responded "that if refusing the test was the way to use the bathroom, then he would refuse the test." The officer did not testify to that. Because the statement is not supported by the record, we disregard it.

arrested person must refuse in order to use the bathroom immediately. It argues, however, that the hearings officer properly found that petitioner's need did not rise to that level and that the circuit court improperly substituted its judgment for that of the hearings officer.

ORS 813.450 provides for appeal of MVD orders to the circuit court and, thereafter, to the Court of Appeals. ORS 813.450(4) defines the scope of review by stating, in part:

> "Upon review in the circuit court and Court of Appeals, the court may affirm, reverse or remand the order * * *[.]"

ORS 813.450(5) provides:

> "Upon review, the court shall affirm the division's order unless the court finds a ground for setting aside, modifying or remanding to the division under a specified provision of this section."

Both subsections use the word "court" to mean both the circuit court and the Court of Appeals and provide that the court shall review the division's order. Therefore, we review MVD's order, not the judgment of the circuit court. *Blackman v. MVD,* 90 Or App 408, 752 P2d 1241, *rev den* 306 Or 660 (1988).

ORS 813.450(4)(c) provides the standard for review:

> "The court shall set aside or remand the order if it finds that the order is not supported by substantial evidence in the record."

We review to determine whether a reasonable person could have made the findings supporting the decision, not whether a reasonable person could have made different findings. *Garcia v. Boise Cascade Corp.,* 309 Or 292, 296, 787 P2d 884 (1990). The testimony in this case was in conflict about how badly petitioner had to urinate. He testified that his situation was painful and that he had repeatedly asked to use the bathroom. The officer testified that petitioner asked only once and never said that it was an emergency. The hearings officer could infer from that testimony that petitioner's situation was not an emergency. He found the officer credible and adopted his version of the facts. He was entitled to believe the officer rather than petitioner. *Caffey v. Lane County,* 75 Or App 399, 706 P2d 590 (1985). Because the officer's testimony was substantial evidence to support the order, we affirm it and reverse the judgment of the circuit court.

Reversed and remanded with instructions to reinstate the suspension order in accordance with *Wimmer v. MVD,* 83 Or App 268, 730 P2d 1297 (1986).