Argued and submitted January 5, reversed and remanded with instructions to reinstate the suspension order June 6, 1990

In the Matter of the Suspension of
the Driving Privileges of

OVIEDO,
*Respondent,*

*v.*

MOTOR VEHICLES DIVISION,
*Appellant.*

(88-10-22439-A; CA A60128)

792 P2d 1244

Diane S. Lefkow, Assistant Attorney General, Salem, argued the cause for appellant. With her on the brief were

Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General.

M. Mark Kemp, Burns, Wm. J. Brauner, and Brauner, Coffel & Young, P.A., Caldwell, Idaho, filed the brief for respondent.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

DEITS, J.

**DEITS, J.**

Motor Vehicles Division (MVD) suspended respondent's driving privileges because he took a breath test that registered over .08 percent alcohol. ORS 813.400. The trial court set aside MVD's order on the basis that it was not proven that he was under arrest for DUII or knew that he was under arrest for DUII at the time defendant took the breath test. MVD appealed the circuit court order, and we reverse.

Nyssa police officers Marks and Francis were contacted by two citizens who said that they had just seen a car being driven all over the road and that they thought that the driver was intoxicated. As they spoke, a car like the one described by the citizens drove by. Just after the car passed, the officers heard a crash coming from the direction that it was travelling. The officers went to the scene of the accident and saw a parked car that had been damaged. A short time later, they stopped respondent's car in the area of the accident. The car had extensive damage. The officers immediately noticed a strong odor of alcohol coming from the car. They also saw in the car an open bottle of peppermint schnapps next to the driver's seat and a six-pack of beer with one bottle missing. Marks testified that respondent's actions and his mental processes seemed to be slow.

Francis arrested respondent, put him in handcuffs and placed him in the back of the patrol car. He told Marks that he believed that respondent was under the influence, and that he should be transported to the police station for sobriety tests and the breath test. Marks testified that she believed at that time that respondent was under arrest for DUII. Respondent was taken to the station and given the breath test, which showed a blood alcohol content of .15 percent. Respondent testified that he did not know that he was under arrest for DUII until after he took the breath test.

Respondent contested MVD's suspension of his license. A hearing was held, and the hearings officer found that respondent was under arrest for DUII at the time that he was requested to take the breath test and that MVD's suspension order was proper. Respondent sought judicial review of MVD's order. The trial court set aside the order, holding:

"THE COURT:   I don't thing [*sic*] there's any question

that [petitioner] was under arrest because, he was in the back of a police car with a handcuff. But ah, the problem is, whether he was under arrest for Driving While Under the Influence or Driving — or Hit and Run. And there's no proof that I could find in this record that — that he was advised that he was under arrest — arrest for Driving While Under the Influence.

"* * * * *

"Well, the order is going to be set aside, for not having — not being supported by the record. Since there's no proof that he was ever placed under arrest for Driving While Under the Influence."

■ MVD argues that the trial court erred in setting aside the suspension order. We agree. The scope of review of MVD's order by the trial court and by this court is whether the order is supported by substantial evidence in the record. ORS 813.450(4), *Shakerin v. MVD,* 101 Or App 357, 360, 790 P2d 1180 (1990). Neither this court nor the trial court reviews *de novo. Arrien v. MVD,* 88 Or App 172, 744 P2d 595 (1987).

The implied consent law requires proof that

"[t]he person, at the time the person was requested to submit to a test under ORS 813.100, was under arrest for driving while under the influence of intoxicants in violation of ORS 813.010 or a municipal ordinance." ORS 813.410(5)(a).

The trial court concluded that MVD's order was not supported by substantial evidence, because there was no proof that respondent was under arrest for driving under the influence of intoxicants and there was no proof that he knew that he was under arrest for that offense.

■■ Whether respondent knew that he was arrested for DUII is irrelevant. The implied consent law requires only that a person be under arrest for DUII at the time that he is asked to take the breath test, not that the person know he is under arrest for DUII. There was substantial evidence here that respondent was under arrest for DUII. It was reported to the officers that he was driving erratically. When he was stopped by the police, he smelled of alcohol and alcohol was seen in his car. His speech was slurred, and his motor responses were slow. Francis arrested him and told Marks that he thought that respondent was intoxicated. Francis directed Marks to take respondent to the police station for the breath test.

Marks testified that respondent was under arrest for DUII at that time. MVD's finding that respondent was under arrest for DUII when he was asked to take the breath test was supported by substantial evidence.

Reversed and remanded with instructions to reinstate the suspension order in accordance with *Wimmer v. MVD,* 83 Or App 268, 730 P2d 1297 (1986).