Argued and submitted December 23, 1992, reversed and remanded with instructions
August 25, 1993

In the Matter of the Suspension of
the Driving Privileges of
Craig A. BISSETT,
*Respondent,*

*v.*

MOTOR VEHICLES DIVISION,
*Appellant.*

(C-920013CV; CA A75084)

857 P2d 913

Douglas F. Zier, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

No appearance for respondent.

Before Rossman, Presiding Judge, and De Muniz and Leeson,* Judges.

LEESON, J.

---

* Leeson, J., *vice* Buttler, J., retired.

**LEESON, J.**

The Motor Vehicles Division (MVD) appeals a judgment of the circuit court vacating MVD's order suspending petitioner's[1] driving privileges for refusal to take a chemical breath test. ORS 813.410. The circuit court held that the stop that preceded petitioner's arrest for driving under the influence of intoxicants (DUII) was invalid, because "[t]he record does not support a finding that petitioner was stopped for a traffic infraction or upon a reasonable suspicion that a crime had been committed." We review MVD's order. *Shakerin v. MVD*, 101 Or App 357, 360, 790 P2d 1180 (1990). The issue is whether there is substantial evidence in the record to support the hearings officer's findings, ORS 813.450(4)(c), and whether those findings support the conclusion that the stop was valid.

The hearings officer found, in part:

"Lieutenant Jordan received a radio communication from Officer C. Conboy, also of Sherwood Police. Conboy reported that at a roadblock, due to a hazardous material spill, on Edy Road, a vehicle came up behind another vehicle at a high or quick speed, honked its horn, the officer tried to stop the vehicle, and the vehicle went through Sherwood Plaza. The license number and description of the vehicle was given.

"Lieutenant Jordan approached the plaza parking area from North Sherwood Boulevard and observed the vehicle Petitioner was driving to be heading toward the exit at North Sherwood Boulevard, which was marked with a stop sign. Lieutenant Jordan turned around and observed the vehicle Petitioner was driving to go past the stop sign and stop. The vehicle started to turn right without signaling and then turned left. Petitioner was stopped on North Sherwood Boulevard near Northwest 12th Street."

The hearings officer concluded that the stop was valid, in part because petitioner disobeyed Conboy's arm signals to stop.[2]

---

[1] We refer to the parties as they are referred to in the agency order.

[2] The hearings officer also concluded that the traffic infractions observed by Jordan provided alternate justification for the stop. Because of our disposition of this case, we need not examine the validity of that conclusion.

MVD argues that substantial evidence supports the finding that Conboy tried to stop petitioner's vehicle. It contends that petitioner's failure to obey Conboy's signals to stop was a traffic infraction, and that the subsequent stop was therefore a valid traffic stop.

Review for substantial evidence is review to determine "whether a reasonable person could have made the findings supporting the decision, not whether a reasonable person could have made different findings." *Shakerin v. MVD, supra,* 101 Or App at 360. ORS 811.535 makes it a Class C traffic infraction to fail to comply with "any lawful order, signal or direction of a police officer" who is displaying the police officer's badge and who has lawful authority to direct, control or regulate traffic. Jordan testified that Conboy told him he had tried to stop petitioner's vehicle, and that petitioner did not stop. Petitioner described the hand signals Conboy used to tell him to stop, and petitioner's responding maneuvers through the parking lot. From this evidence, a reasonable person could have found that Conboy signalled in order to stop the vehicle, and that petitioner did not obey. He therefore committed the traffic infraction described in ORS 811.535. Jordan was authorized to stop petitioner's car on the basis of that traffic infraction, which Conboy had described to him. *State v. Weigel,* 99 Or App 476, 480, 782 P2d 953 (1989), *rev den* 309 Or 522 (1990).

Reversed and remanded with instructions to reinstate suspension order in accordance with *Wimmer v. MVD,* 83 Or App 268, 730 P2d 1297 (1986).