Argued and submitted December 11, 1992, reversed and remanded with instructions
October 20, 1993

In the Matter of the Suspension of
the Driving Privileges of

Nathanael Loin TEAGUE,
*Respondent,*

*v.*

MOTOR VEHICLES DIVISION,
*Appellant.*

(91-02-29CV; CA A72063)

860 P2d 905

Douglas F. Zier, Assistant Attorney General, argued the cause for appellant. With him on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General.

David B. Hydes filed the brief for respondent.

Before Rossman, Presiding Judge, and De Muniz and Leeson,* Judges.

ROSSMAN, P. J.

---

* Leeson, J., *vice* Buttler, J., retired.

## ROSSMAN, P. J.

The Motor Vehicles Division (MVD) appeals a circuit court judgment reversing an MVD order that suspended petitioner's driving privileges. We reverse.

MVD suspended petitioner's driving privileges after he had submitted to a chemical breath test that showed that his blood alcohol level exceeded .08 percent, in violation of ORS 813.010. Petitioner requested and received an administrative hearing, at which he relied on the "choice of evils" defense.[1] A hearings officer upheld the suspension, ruling that the asserted defense is not available in agency hearings and finding that petitioner could have exercised options other than driving while intoxicated. Petitioner sought review in the circuit court, which reversed and set aside the suspension order. The court held that the "choice of evils" defense is applicable to agency hearings and concluded that, "based upon the findings of fact of [the] hearings officer, petitioner is entitled to an order setting aside the * * * suspension order[.]" We review the MVD order, not the circuit court judgment, *Shakerin v. MVD*, 101 Or App 357, 360, 790 P2d 1180 (1990), and apply the standard of review articulated in ORS 813.450.[2]

---

[1] Under the "choice of evils" defense, conduct that would otherwise constitute an offense is rendered "justifiable and not criminal" if the conduct

"(a) * * * is necessary as an emergency measure to avoid an imminent public or private injury; and

"(b) The threatened injury is of such gravity that, according to ordinary standards of intelligence and morality, the desirability and urgency of avoiding the injury clearly outweigh the desirability of avoiding the injury sought to be prevented by the statute defining the offense in issue." ORS 161.200(1).

[2] ORS 813.450 provides, in part:

"(4) Upon review in the circuit court and Court of Appeals, the court may affirm, reverse or remand the [MVD] order as follows:

"(a) If the court finds that the division has erroneously interpreted a provision of law and that a correct interpretation compels a particular action, it shall:

"(A) Set aside or modify the order; or

"(B) Remand the case to the division for further action under a correct interpretation of the provision of law.

"(b) The court shall remand the order to the division if it finds the division's exercise of discretion to be any of the following:

"(A) Outside the range of discretion delegated to the agency by law.

"(B) Inconsistent with a division rule, an officially stated division position, or a prior division practice, if the inconsistency is not explained by the division.

Petitioner and his wife drove to a party in a vehicle that petitioner knew his wife, a non-drinker, either could not or would not drive. While at the party, petitioner consumed alcohol. An incident arose in which the host of the party, petitioner's employer, threatened to kill himself with a gun and went into a bedroom, apparently to get the firearm. Fearing for their safety, petitioner and his wife left the party. Minutes later, petitioner was stopped for driving with an unlighted license plate. He was subsequently arrested for driving under the influence of intoxicants.

Although the parties argue about the availability of the "choice of evils" defense in administrative proceedings, we need not decide that question. Even assuming that that defense was available, the dispositive issue is whether the hearings officer erred when it found that

> "even if Petitioner's description of these events is accurate, Petitioner had other options, such as walking away from the party. Based on the evidence submitted, I am not convinced that Petitioner was forced to drive from the party."

If there is substantial evidence to support the hearings officer's finding that petitioner "had other options," then regardless of the theoretical availability of the "choice of evils" defense, petitioner would have failed to establish the necessary factual basis for its successful application in this case, because he would not have been in a position that required him to "choose an evil."

After reviewing the record, we conclude that a reasonable person could have found that petitioner had available options other than driving while intoxicated.[3] Accordingly,

---

"(C)  Otherwise in violation of a constitutional or statutory provision.

"(c)  The court shall set aside or remand the order if it finds that the order is not supported by substantial evidence in the record.

"(5)  Upon review, the court shall affirm the division's order unless the court finds a ground for setting aside, modifying or remanding to the division under a specified provision of this section."

[3] As MVD points out in its brief, petitioner and his wife

"could have walked to a neighboring house to telephone for a ride home; they could have remained in their pickup with the heater on until petitioner sobered up enough to drive; or they could have requested one of the other guests at the party to take them home or call from the boss's home to arrange for a ride. The

there is substantial evidence to support the suspension order, and we must affirm it. *Shakerin v. MVD, supra*, 101 Or App at 360; ORS 813.450(5).

Reversed and remanded with instructions to reinstate order of suspension.

---

record also shows that petitioner's wife was sober and could have driven the pickup but felt she was unable to drive it merely because it had a temperamental accelerator. Given the potential choices and the 'danger' they faced, these other options were available, and any of them would have been preferable to petitioner driving."