Argued and submitted October 18, reversed and remanded with instructions on appeal; affirmed on cross-appeal December 8, 1993

In the Matter of the Suspension of
the Driving Privileges of

Richard K. ALTREE, Jr.,
*Respondent - Cross-Appellant,*

*v.*

MOTOR VEHICLES DIVISION,
*Appellant - Cross-Respondent.*

(92-CV-0134-MS; CA A75688)

865 P2d 441

Diane S. Lefkow, Assistant Attorney General, argued the cause for appellant - cross-respondent. With her on the briefs

were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General.

Michael W. Seidel argued the cause and filed the brief for respondent - cross-appellant.

Before Deits, Presiding Judge, and Riggs and Durham, Judges.

DURHAM, J.

## DURHAM, J.

Motor Vehicles Division (MVD) appeals a judgment reversing its order suspending petitioner's driving privileges for failing a breath test. ORS 813.010; ORS 813.410. We review MVD's order for substantial evidence and errors of law. ORS 813.450(4); *Shakerin v. MVD*, 101 Or App 357, 360, 790 P2d 1180 (1990).

A police officer arrested petitioner for driving under the influence of intoxicants. ORS 813.010. As a prelude to administration of a breath test, ORS 813.100, the officer informed petitioner of the rights and consequences described in ORS 813.130. Petitioner took and failed a breath test. MVD suspended his driving privileges. ORS 813.410. Petitioner sought judicial review in the circuit court under ORS 813.410(7)(a) of the MVD's order upholding the suspension of his driving privileges. The circuit court reversed the suspension, because

"the trooper's failure to read to defendant [sic] the portion of the Implied Consent form that asks 'will you take a breath test to determine the alcohol content of your blood?' prejudiced Petitioner because he did not understand that he had the right to refuse the breath test."

Petitioner did not have the legal right to refuse the breath test. *State v. Spencer*, 305 Or 59, 71, 750 P2d 147 (1988). The referee properly concluded that a request to take a breath test need not follow a particular form. ORS 813.130; ORS 813.100(1). Substantial evidence supports the MVD finding that the officer requested petitioner to take the breath test. The license must be suspended for the period specified by statute. *Wimmer v. MVD*, 83 Or App 268, 269, 730 P2d 1297 (1986).

Petitioner cross-appeals. We reject his assignments of error without discussion.

On appeal, reversed and remanded with instructions to reinstate suspension order pursuant to *Wimmer v. MVD*, 83 Or App 268, 730 P2d 1297 (1986); affirmed on cross-appeal.