Argued and submitted February 13, affirmed March 22, petition for review denied
May 23, 1995 (321 Or 246)

In the Matter of the Suspension of
the Driving Privileges of

Thomas LAKE,
*Respondent,*

*v.*

MOTOR VEHICLES DIVISION,
*Appellant.*

(16-94-01513; CA A84784)

892 P2d 1025

Richard D. Wasserman, Assistant Attorney General, argued the cause for appellant. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Charles G. Duncan argued the cause and filed the brief for respondent.

Before Riggs, Presiding Judge, and Richardson, Chief Judge, and Leeson, Judge.

LEESON, J.

**LEESON, J.**

The Motor Vehicles Division (MVD) appeals from a circuit court judgment that set aside the hearings officer's order suspending petitioner's driver's license. It assigns error to the circuit court's ruling that a document entitled, "State Police Computer Record, Alcohol Breath Testing Equipment Certification," was not admissible, because the document did not satisfy the certification requirement of ORS 813.160-(1)(b)(C). We review MVD's order, *Oviedo v. MVD*, 102 Or App 110, 113, 792 P2d 1244 (1990), and affirm.

Petitioner was arrested by an Oregon state trooper for driving under the influence of intoxicants. ORS 813.010. He submitted to a breath alcohol test that showed .13 percent. His driver's license was suspended. ORS 813.420(3). Petitioner requested a hearing. At the hearing, the hearings officer, over petitioner's objection, admitted into evidence a certificate attesting to the accuracy of the Intoxilyzer that had been used to test petitioner's blood alcohol content. That certificate consists of this computer print-out:

### STATE POLICE COMPUTER RECORD

### ALCOHOL BREATH TESTING EQUIPMENT CERTIFICATION

The person named below, a trained technician, certifies in accordance with ORS 813.160(1)(C), that on the date indicated below, the alcohol breath testing equipment was tested with the results as follows:

Value Expected: .074%          Value Obtained: .072%

| | |
|---|---|
| Serial Number: 68-000229 | Location: Springfield Police Dept |
| Date Tested: 11/24/93 | Model: Intoxilyzer 5000 |
| Technician: Bruce A. Johnson | |

These results show this instrument to be:

(X) Accurate          ( ) Inaccurate

ORS 813.160(1)(b)(C) requires that, for the results of a breath test to be valid, the state police must:

"Test *and certify* the accuracy of equipment to be used by police officers for chemical analyses of a person's breath before regular use of such equipment and periodically thereafter at intervals of not more than 90 days. Tests and certification required by this subparagraph shall be conducted by trained technicians." (Emphasis supplied.)

Petitioner maintains that, to be admissible, a "certified" document must contain the signature of the technician who conducts the test. He argues that,

"[w]ithout a signature, the exhibit has no real indicia [*sic*] of reliability. It is possible that any person, whether a trained technician or a janitor, could have hit the triggering key on the computer; or the computer could have malfunctioned resulting in reprinting the wrong technician's name."

MVD contends that the term "certify" is not defined by the statute and that nothing in the ordinary meaning of the term requires a signed document. It further contends that the term is part of the implied consent law, ORS 813.100 *et seq*, that was adopted to provide an expeditious and informal administrative procedure to determine whether a person's driver's license should be suspended if a breath test discloses a blood alcohol content over the legal limit. It argues that evidence in MVD hearings is admissible so long as it meets the reliability test of ORS 183.450(1),[1] and that "there is no reason to believe that the legislature intended a technical signature requirement to bar the admission of otherwise reliable evidence."

■■ In construing a statute, our task is to discern the intent of the legislature. The first level of analysis is to examine both the text and the context of the statute, including other provisions of the same statute. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-11, 859 P2d 1143 (1993). If the legislature's intent is clear, no further inquiry is necessary. 317 Or at 611. We are prohibited by ORS 174.010 from inserting into the statute what has been omitted or

---

[1] ORS 183.450(1) provides, in part, that

"[a]ll other evidence of a type commonly relied upon by reasonably prudent persons in conduct of their serious affairs shall be admissible."

omitting what has been inserted. Words of common usage should be given their plain, natural and ordinary meaning.

■     ORS 813.160(1)(b)(C) is worded in the conjunctive. The state police are required both to test and to certify the accuracy of Intoxilyzer equipment. The statute clearly requires more than merely testing that equipment. However, the statute does not define the term "certify." We therefore look to its common usage. "Certify" is defined in the dictionary as meaning:

> "to attest esp. authoritatively or formally * * *[;] to present in formal communication, esp. *in a document under hand or seal* * * *[;] to confirm or attest often *by a document under hand or seal* as being true, meeting a standard, or being as represented * * *." *Webster's Third New International Dictionary* 367 (unabridged 1976). (Emphasis supplied.)

■     In the light of the common meaning of the term "certify," we conclude that ORS 813.160(1)(b)(C) requires the state police technician who tests the Intoxilyzer equipment to sign the form attesting to its accuracy, in order for that form to be admissible. The technician's signature gives the form the authority and formality required to certify the accuracy of the test conducted on the Intoxilyzer equipment. Our conclusion is consistent with the context of the statute. ORS 813.160(1)(b)(C) is among a group of requirements in ORS 813.160 designed to safeguard testing procedures when chemical analyses are performed on a person's blood.

Affirmed.