Argued and submitted December 11, 1995, affirmed February 21, 1996

# In the Matter of the Suspension of the Driving Privileges of

## Christy Hall HIGGINS,
*Respondent,*

*v.*

## MOTOR VEHICLES DIVISION,
*Appellant.*

(9408-05840; CA A87173)

911 P2d 950

Janie M. Burcart, Assistant Attorney General, argued the cause for appellant. With her on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Robert Thuemmel argued the cause for respondent. With him on the brief was Thuemmel & Uhle.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

LEESON, J.

**LEESON, J.**

The Motor Vehicles Division (MVD) appeals from a judgment of the circuit court reversing MVD's suspension of petitioner's driving privileges for refusing to submit to a chemical breath test. We affirm.

On July 2, 1994, Portland police officers arrested petitioner for driving under the influence of intoxicants (DUII), ORS 813.010. At the jail, petitioner refused officer Larson's request that she submit to a chemical breath test. MVD suspended petitioner's license pursuant to the implied consent law. ORS 813.100(3); *Moore v. Motor Vehicles Division*, 293 Or 715, 718, 652 P2d 794 (1982).

Petitioner timely requested a hearing to contest the proposed suspension of her driving privileges and MVD scheduled a hearing for July 22, 1994. MVD subpoenaed Larson to testify at the hearing. Larson sent a letter to MVD explaining that he was unable to attend because he had been assigned to training on July 22. He requested a set over. MVD's chief hearings officer issued an interim order stating that an "official duty conflict," ORS 813.440(1); OAR 735-90-120, prevented Larson from attending the hearing. The order set the hearing over until August 8, 1994, and withdrew the suspension of petitioner's driving privileges pending the outcome of that hearing. ORS 813.440(3).

At the August 8 hearing, petitioner argued that the letter from Larson did not constitute sufficient evidence to find that on July 22 he was engaged in "priority official training," OAR 735-90-120, which would have constituted an "official duty conflict." ORS 813.440(1). The hearings officer to whom the case was assigned refused petitioner's request to question Larson about his reason for not attending the July 22 hearing. At the conclusion of the hearing, the hearings officer ruled that the police officers who stopped petitioner had probable cause to arrest her for DUII and ordered her driving privileges suspended for one year.

Petitioner sought judicial review. The circuit court reversed the suspension on the ground that petitioner had been denied the right to confront and examine Larson about

whether his absence from the July 22 hearing was the result of an official duty conflict.

On appeal, MVD contends that petitioner "made no claim that there was insufficient evidence to support any aspect of the suspension order or any issue within the scope of the implied consent hearing as listed in ORS 813.410(5)." Petitioner responds that MVD failed to comply with OAR 735-90-120 when it rescheduled the license suspension hearing, because substantial evidence does not support the chief hearings officer's finding that Larson was in "priority official training." Because the August 8 hearing was held more than 30 days after her arrest and because there was not an adequate basis on which to delay the hearing, she contends that we should affirm the trial court's reversal of the order of the MVD hearings officer.

■ We review MVD's order for substantial evidence in the record and for errors of law. ORS 813.450(4)(c); *Warner v. MVD*, 126 Or App 164, 166, 868 P2d 6 (1994). Substantial evidence exists when " 'a reasonable person could have made the findings supporting the decision[.]' " *Bissett v. MVD*, 122 Or App 622, 625, 857 P2d 913 (1993), *quoting Shakerin v. MVD*, 101 Or App 357, 360, 790 P2d 1180 (1990).

■ We first address MVD's argument that petitioner did not adequately raise the contention that the chief hearings officer's findings regarding Larson's absence from the July 22 hearing were not supported by substantial evidence. At the August 8 hearing, petitioner argued that Larson's letter to MVD "does not on its face constitute grounds sufficient to amount to official duty conflict * * * [under] OAR 735-90-120." She moved to dismiss the hearing because

> "there is no information in this record because [Larson's letter] is what we have in this record, there's no information in this record that an official duty conflict as defined in OAR 735-90-120 existed at the time of the original hearing and therefore these proceedings should be moot."

Those objections were adequate to convey petitioner's argument that there was insufficient evidence to support the

finding that Larson was unable to attend the July 22 hearing because of an official duty conflict.

■ ORS 813.440 authorizes MVD to schedule a license suspension hearing beyond the 30-day limit of ORS 813.410(4) if an "official duty conflict"[1] prevents the subpoenaed officer from attending. OAR 735-90-120 defines the conditions that constitute an "official duty conflict." It provides, in part:

"(4) Examples of official duty conflicts include, but are not limited to:

"(a) Court appearances;

"(b) Physical incapacity resulting from the performance of duties as a police officer;

"(c) *Priority official training*;

"(d) Inclement travel conditions;

"(e) Emergencies requiring the subpoenaed police witness's presence, including natural disasters, accidents, alarms, control of a crime scene and exceptional community caretaking responsibilities pursuant to ORS 133.033; or

"(f) Service in the Organized Militia pursuant to ORS 399.055 or 399.065." (Emphasis supplied.)

■ The principles of statutory construction apply equally to administrative rules. *Perlenfein and Perlenfein*, 316 Or 16, 20, 848 P2d 604 (1993). Although neither OAR 735-90-120 nor ORS 813.440 defines "priority official training," we must assume that MVD purposely chose all of the language that it used in the rule and that "priority official training" means something more than mere "training." *See Christian v. Dept. of Rev.*, 269 Or 469, 475, 526 P2d 538

---

[1] ORS 813.440 provides, in part:

"(1) Notwithstanding ORS 813.410, the Department of Transportation may provide a hearing to determine the validity of a suspension under ORS 813.410 only if the time requirements under ORS 813.410 could not be met because of any of the following:

"* * * * *

"(d) The inability of a subpoenaed police officer to appear due to the officer's *official duty conflicts. The department shall set forth by rule the conditions that constitute 'official duty conflicts.'* A hearing may not be rescheduled more than once for reasons described in this paragraph." (Emphasis supplied.)

(1974); We are prohibited by ORS 174.010 from inserting into the rule what has been omitted or omitting what has been inserted. *Lake v. MVD*, 133 Or App 550, 553-54, 892 P2d 1025, *rev den* 321 Or 246 (1995).

█  The only evidence in the record about Larson's inability to appear at the July 22 hearing is the letter he sent to MVD:

> "I request a setover on the above listed hearing due to a conflict with my schedule. *On that listed date I was assigned to training,* and I was not able to make the 11:00 a.m. hearing.
>
> "/s/
> "Officer Thomas Larson, #11913
> "Approved, /s/ Sgt. Scott W. Smith 2229 7/25/94"
> (Emphasis supplied.)

Larson's letter stated only that he was assigned to training on July 22. He provided no information that would support a finding that the training to which he was assigned was "priority official training" under OAR 735-90-120 and that, therefore, he was prevented from attending the July 22 hearing because of an "official duty conflict." ORS 813.440-(1)(d). To hold otherwise would require us to ignore the words "priority official" in the rule and the words "official duty" in the statute. We are constrained from doing so. ORS 174.010. Consequently, MVD erred in setting the second hearing beyond the 30-day limit provided by ORS 813.410(4).

The trial court did not err in reversing MVD's order suspending petitioner's driving privileges.

Affirmed.