Argued and submitted December 11, 2003, reversed and remanded April 28, 2004

# JIMMY ALLEN STANLEY,
## *Respondent,*

*v.*

# DRIVER AND MOTOR VEHICLE
# SERVICES BRANCH (DMV),
## *Appellant.*

## 00C-20238; A118747

89 P3d 1186

David F. Coursen, Assistant Attorney General, argued the cause for appellant. With him on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Gig Wyatt argued the cause for respondent. With him on the brief was Harris, Wyatt & Amala.

Before Edmonds, Presiding Judge, and Schuman and Ortega, Judges.

EDMONDS, P. J.

## EDMONDS, P. J.

The Driver and Motor Vehicles Services Division (DMV) appeals from a judgment of the circuit court reversing the DMV's suspension of petitioner's driving privileges for refusing to submit to a chemical breath test. We review the DMV's order for errors of law, ORS 813.450; *Higgins v. MVD*, 139 Or App 314, 317, 911 P2d 950 (1996), and reverse and remand.

The salient facts of the case are not contested. Petitioner was arrested on November 5, 2000, by a member of the City of Keizer Police Department for driving while under the influence of intoxicants (DUII). ORS 813.010 (1999).[1] He refused to submit to a chemical breath test, and, as a result, the DMV suspended petitioner's driving privileges pursuant to the implied consent law. ORS 813.100(3).

Petitioner timely requested a hearing before the DMV pursuant to ORS 813.410 to contest the suspension of his driving privileges. Before the hearing, petitioner asked the police department for a copy of an audiotape made the night of the arrest. The police did not provide a copy of the audiotape to petitioner, nor did they produce a copy of the tape at the initial hearing held on November 22, 2000. After the hearing, the DMV issued an order affirming the suspension. Petitioner sought judicial review, and thereafter the circuit court entered an order remanding the case to the DMV to reopen the hearing and to consider the audiotape. On October 24, 2001, a hearing was held on remand. Officer James Devaney, who had made the determination that petitioner had refused a breath test, appeared at the hearing. However, he stated that he was a subject of a criminal inquiry regarding petitioner's allegation of tampering with the audiotape. As a result, he requested a continuance of the hearing in order to obtain legal advice before testifying about the audiotape. The hearing officer granted the request over petitioner's objections, and a hearing date was reset. The hearing resumed on November 15, 2001. By that time, the criminal inquiry regarding the audiotape had apparently

---

[1] All references to statutes in this opinion are to the versions in effect at the time of the relevant events.

been resolved. The hearing officer considered the audiotape, concluded that there was no evidence of tampering, and affirmed the suspension. Petitioner again sought judicial review, and the circuit court set aside the suspension, concluding that the hearing officer lacked authority to continue the October 24 remand hearing.

On appeal, the DMV assigns as error the circuit court's vacation of its suspension order. It asserts that the circuit court erred in its determination that the hearing officer did not have authority to continue the October 24 hearing. The circuit court held that OAR 735-090-0030(3) precluded the hearing officer from granting a continuance.[2] The DMV contends that the circuit court improperly construed OAR 735-090-0030(3), because the rule prohibiting hearings from being reset applies only to the initial hearing and not to a hearing on remand. Petitioner relies on the part of OAR 735-090-0030(3) that provides that "[n]o hearing shall be reset" unless one of the exceptions to the rule is met.

In construing an administrative rule, we apply the same analytical framework applicable to the construction of statutes. *Cf. Concrete Cutting Co. v. Clevenger*, 191 Or App 157, 161, 81 P3d 723 (2003). We first "examine the rule's text, along with its context, which includes other provisions of the same rule, other related rules, and other related statutes, to ascertain the intent underlying the rule." *Id.* OAR 735-090-0030 provides, in its entirety:

"(1) *Upon receipt of a timely hearing request*, the Hearings Case Management Unit shall notify the petitioning party as soon as is practicable of the date, time and place set for hearing. Written notification of the hearing shall be mailed to the address provided by the petitioning party in the hearing request.

"(2) Actual appearance at the hearing by the petitioner or the petitioner's attorney waives any argument that notice of the hearing was not provided.

"(3) In scheduling hearings, the Hearings Case Management Unit will consider conflicts only if specifically *set*

---

[2] OAR 735-090-0030 has now been repealed. All references to rules in this opinion are to the versions in effect at the time of the relevant events.

*forth by petitioning party in the hearing request. No hearing shall be reset after it is scheduled by the Hearings Case Management Unit unless*:

"(a)   As required by ORS 813.410, 813.440, and OAR 735-090-0090;

"(b)   The presiding officer is unavailable."

(Emphasis added.)

OAR 735-090-0030 was promulgated by the DMV to administer Oregon's implied consent law. Under Oregon's implied consent law, a petitioner must make a "written *request for a hearing*" within 10 days of the date of the petitioner's arrest. ORS 813.410(3) (emphasis added). In the event that the challenge to the suspension order is unsuccessful at the agency level, a petitioner, pursuant to ORS 813.450, may appeal the suspension order, and the circuit court may remand the matter back to the agency. By requiring that a hearing not be reset, OAR 735-090-0030 appears to ameliorate the effect of the initial suspension of a driver's license by affording a speedy hearing on that issue at the agency level.

■     It is in that statutory context that we examine the text of OAR 735-090-0030. Subsection (1) supplies an initial framework for the rule by its reference to hearings scheduled "[u]pon receipt of a timely request" by petitioner.[3] As discussed above, a petitioner is required under ORS 813.410(3) to make a request for an initial hearing within 10 days of the petitioner's arrest. The language in the text of subsections (2) and (3) refers to subsection (1). Subsection (2) governs the petitioner's appearance as a substitute for the notice requirement referred to in subsection (1). Subsection (3) governs when conflicts will be considered pursuant to a petitioner's "hearing request" and whether a hearing, once scheduled, may be reset. Thus, the phrase "[n]o hearing shall be reset after it is scheduled," when read in the context of the remainder of the language in the rule, constitutes a prohibition

---

[3] This provision is inapplicable to a remand hearing, which is held pursuant to a remand order and is not scheduled "[u]pon receipt of a timely request" by petitioner. OAR 735-090-0030(1).

against continuing the initial hearing that arose from "the hearing request."

■■  Read together, these provisions provide procedural limits only for initial implied consent hearings. They do not refer to what occurs on remand from the circuit court. The rule of construction that courts are not to insert what has been omitted when they interpret a statute applies equally to when we review an agency's interpretation of its rule. *City of Klamath Falls v. Environ. Quality Comm.*, 318 Or 532, 543, 870 P2d 825 (1994). While in this case we are not dealing with the agency's own interpretation, the same principle applies. To agree with petitioner would require us to add words to OAR 735-090-0030 to make it applicable to remand hearings as well as hearings resulting from an initial "hearing request." In the absence of either a statutory provision or a rule under the implied consent law that prohibited the resetting of a hearing on remand, it was within the hearing officer's inherent or general authority to reschedule the hearing on remand.[4]

Reversed and remanded.

---

[4] OAR 735-090-0010(1) provides that,

"[e]xcept as provided in ORS 813.410, ORS 813.440, and in OAR 735-090-0090 et seq., all hearings provided under ORS 813.410 and 813.440 shall be subject to the provisions for contested cases under ORS 183.310 to 183.470."

OAR 735-090-0010(2) adopts some of the Attorney General's Model Rules, including OAR 137-003-0040, which allows a hearing to be "continued with recesses as determined by the presiding officer." OAR 735-090-0010 has now been repealed.